**Andrew Chan Kim (SBN 315331)**
2603 Barclay Way
Belmont, CA 94002
T: (650) 339-2005
chan.a.kim@gmail.com

*Attorney for Plaintiff*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JILLIAN PIERCE, on behalf of herself and all others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> COUNTY OF SAN FRANCISCO, San Francisco Sheriff's Department Sheriff VICKI HENNESSY, San Francisco Sheriff's Department Chief Deputy MICHELE FISHER, and County of San Francisco employees DOES 1-50, Jointly and Severally, <br><br> Defendant(s). | Case No.: <br><br> **CLASS ACTION** <br><br> **COMPLAINT FOR DAMAGES, DECLARATORY & INJUNCTIVE RELIEF, AND DEMAND FOR JURY TRIAL** <br><br> 1. 42 U.S.C. § 1983 – Civil Rights Violations <br> 2. 42 U.S.C. § 1983 – *Monell* and Supervisory Liability <br> 3. California Constitution, Article I, § 13 <br> 4. California Constitution, Article I, § 17 <br> 5. California Civil Code § 52.1(b) – State Civil Rights Violations <br> 6. California Penal Code § 2644 <br> 7. Intentional Infliction of Emotional Distress |

Plaintiff and all other similarly situated persons, by and through her attorney, for her Complaint against Defendants, states the following:

**INTRODUCTION**

1.      On or about November 20, 2018, female deputies at the San Francisco County Jail #2 conducted an unnecessary and unjustified visual body cavity search of pretrial and convicted female inmates in the presence and direct view of at least three, and up to seven or more, male deputies. A similar, random, and unreasonable visual body cavity search of female inmates was conducted in front of male deputies about a month prior. Upon information and belief, these searches have occurred in D-Pod, B-Pod, and possibly E-Pod. Moreover, San Francisco County

PLAINTIFF'S CLASS ACTION COMPLAINT FOR DAMAGES, DECLARATORY & INJUNCTIVE RELIEF, AND
1

Jail #2 denies all pretrial and convicted inmates any opportunities for fresh air or time outside for exercise or recreation in violation of Title 15 of the California Code of Regulations § 1065, and the inmates' Fourteenth and Eighth Amendment rights, respectively. These inmates, some of whom are pretrial and have been incarcerated for as long as six or seven years, have never seen the sun or felt the wind's breeze in the entire duration of their incarceration.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3)-(4) because it is being brought to obtain compensatory and punitive damages for the deprivations, under color of state law, of the rights of citizens of the United States that are secured by the United States Constitution, pursuant to 42 U.S.C. §§ 1983 and 1988. This action is brought pursuant to the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution, and the laws and Constitution of the State of California.

3. Plaintiff and all others similarly situated persons further invoke this Court's supplemental jurisdiction, pursuant to 28 U.S.C. § 1367(a), to hear and decide claims arising under state law.

4. Venue is proper, pursuant to 28 U.S.C. § 1391(b)(1)-(2), because the County of San Francisco Defendants reside in this judicial district, and the events or omissions giving rise to Plaintiff's claims occurred in this judicial district.

## PARTIES AND PROCEDURE

5. Plaintiff Jillian Pierce is a citizen of the United States and a competent adult. Throughout her incarceration at San Francisco County Jail #2, Jillian Pierce was a pretrial inmate.

6. Defendant County of San Francisco ("County") is a municipal corporation, duly organized and existing under the laws of the State of California, and is the employer of the individual County defendants, as well as certain, to-be-identified Doe Defendants. Under its authority, the County operates the County of San Francisco Sheriff's Department ("SFSD"). At all material times herein, the County was responsible for supervising, enacting, and enforcing the SFSD's conduct, policies, and practices, was responsible for the absence of needed policies and

practices, and was responsible for the hiring, retention, supervision, and training of employees and agents of the SFSD including such employees as Defendants, Chief Sheriff Vicki Hennessy ("Hennessy"), Chief Deputy Michele Fisher ("Fisher"), and the to-be-identified County employees – Does 1-50.

7. At all material times herein, Defendants Hennessy, Fisher, and the to-be-identified County employees Does 1-50, in doing the acts or omissions hereinafter described, acted within the course and scope of their employment with Defendant County, by virtue of their employment with the SFSD, and acted under color of state law. Defendants Hennessy, Fisher, and the to-be-identified County employees Does 1-50 are sued in their individual capacities, including, where applicable, in their capacities as supervisors based on supervisory liability. At all material times, these individual Defendants held titles and participated generally as follows in this matter:

    a. Defendant Hennessy, at all relevant times mentioned herein, was employed by Defendant County as the Sheriff, and was acting within the course and scope of that employment at such times. She is being sued in her individual and official capacity as the SFSD Sheriff. At all material times, Sheriff Hennessy was the final policy making official for the SFSD, ultimately responsible for all policies, procedures, supervision, and training of the SFSD.

    b. Defendant Fisher, at all relevant times mentioned herein, was employed by Defendant County as a Chief Deputy, and was acting within the course and scope of that employment at such times. She is being sued in her individual and official capacity as a Chief Deputy. Upon information and belief, Defendant Fisher supervised DOES 1-50, and was ultimately responsible for enforcing policies, procedures, supervision, and the training of them.

8. The true names or capacities, whether individual, corporate, associate, or otherwise, of Defendants named herein as Does 1-50 are unknown to Plaintiff, who therefore sues said Defendants by said fictitious names. Plaintiff will amend this Complaint to show said Defendants' true names and capacities when the same has been ascertained. Plaintiff is informed,

believes, and thereon alleges that all Defendants sued herein as Does are in some manner responsible for the acts, omissions, and injuries alleged herein.

9. Plaintiff alleges, on information and belief, that each of the Defendants sued herein was wrongfully, deliberately indifferently, negligently, and/or otherwise responsible in some manner for the events and happenings as hereinafter described, and proximately caused injuries and damages to Plaintiff. Further, certain Doe Defendants were at all material times responsible for the hiring, training, supervision, and discipline of other defendants, including both the individually named and Doe Defendants.

10. Plaintiff is informed, believes, and thereon alleges that each of the Defendants was at all material times an agent, servant, employee, partner, joint venturer, co-conspirator, and/or alter ego of the remaining Defendants, and in doing the things hereinafter alleged, was acting within the course and scope of that relationship. Plaintiff is further informed, believes, and thereon alleges that each of the Defendants herein gave consent, aid, and assistance to each of the remaining Defendants, and ratified and/or authorized the acts or omissions of each Defendant as alleged herein, except as may hereinafter be otherwise, specifically alleged. At all material times, each Defendant was an integral participant, jointly and fundamentally engaged in constitutionally violative, unlawful, and/or tortious activity, resulting in the deprivation of Plaintiff's constitutional rights and other actionable harm.

11. The acts and omissions of all County Defendants were at all material times pursuant to the actual customs, policies, practices, and/or procedures of County and/or the SFSD.

12. At all material times, each Defendant acted under color of the laws, statutes, ordinances, and regulations of the State of California.

13. Plaintiff presented a proper and timely tort claim to County pursuant to Government Code § 910 et seq., and this action, as it relates to the state law claims asserted against County, was thereafter timely filed within the applicable statutes of limitation.

14. This Complaint may be pleaded in the alternative, pursuant to Rule 8(d)(2) of the Federal Rules of Civil Procedure.

//

# GENERAL ALLEGATIONS

15. On or about November 20, 2018 at approximately 7:30 AM, Doe female deputies ordered all female inmates in D-Pod, both pretrial and convicted, to wake up and congregate by the tables located on the lower level of the pod. The deputies then ordered the inmates, in groups of three, to enter into the three bathroom stalls located on the same level and remove their clothing, squat, cough, spread open their vaginas and anuses, and lift their breasts for visual inspection. At all times throughout the visual body cavity search, the bathroom stall doors remained open and were conducted in the presence and direct view of at least three, and possibly up to seven or more, Doe male deputies. The male deputies were situated throughout the pod, including the staircase and upper level, where they could see directly into the bathroom stalls, while they watched the searches take place. This search was random, unnecessary, unjustified and made pursuant to SFSD protocol, policy, custom, or practice.

16. Following the search, the deputies instructed the inmates to go to the gym while the deputies searched the inmates' beds and personal belongings, including privileged correspondence. The deputies destroyed and/or confiscated the inmates' personal belongings, including face rags and other items purchased through commissary. Upon information and belief, the visual body cavity of female inmates and subsequent property search also occurred in B-Pod and/or E-Pod, in the presence and view of male deputies.

17. Sometime in October 2018, about a month prior, a similar visual body cavity search occurred in D-Pod at approximately 7:30 AM. Like the November 20th search, Doe female deputies ordered the female inmates, in groups of three and in the open bathroom stalls, to remove their clothing, squat, cough, spread open their vaginas and anuses, and lift their breasts for visual inspection in the presence of Doe male deputies. The deputies then searched the inmates' beds and personal belongings, destroying items including items purchased in commissary. Like the November 20th search, this search was conducted pursuant to SFSD protocol, policy, custom, or practice and was unnecessary and unjustified.

18. After both body cavity searches, inmates filed grievances regarding the body cavity searches conducted in the presence of male deputies. Many, if not all, grievances were

ignored and the inmates never received responses. At least three investigators, however, came to D-Pod as a result. Upon information and belief, one of the investigators was Jesse Huber. The investigators interviewed the female inmates but Plaintiff does not know what, if anything, came about following their investigations.

19. Additionally, inmates at the San Francisco County Jail #2 submitted grievances for being denied exercise and recreation time in violation of Title 15 of the California Code of Regulations § 1065. These grievances were largely ignored. Upon information and belief, the SFSD has a policy, custom, or practice of knowingly violating section 1065. Deputy Parks, in fact, informed Plaintiff that the SFSD pays a fine every month for being in violation of section 1065. As aforementioned, all inmates, pretrial and convicted, housed at San Francisco County Jail #2 are denied any opportunity for outdoor exercise or recreation. Some of these inmates have yet to be convicted and have been incarcerated for years without once being able to go outside and enjoy the fresh air and sunshine. Plaintiff, in the entire duration of her incarceration, which lasted a little over one year, was denied any opportunity to be outside.

20. At all material times and, alternatively, the actions and omissions of each Defendant were intentional, and/or wanton, and/or willful, and/or reckless, and/or callous, and/or malicious, and/or deliberately indifferent to Plaintiff's rights, and/or grossly negligent, and/or negligent and/or pursuant to SFSD policies, customs, or practices.

21. Plaintiff and all others similarly situated persons have incurred, and continue to incur, constitutional, emotional, physical, and psychological harms and losses, as well as ongoing stress and anxiety, as a result of Defendants' tortious, wrongful, and constitutionally violative conduct.

22. As a direct and proximate result of each Defendants' acts and/or omissions as set forth above, Plaintiff and all others similarly situated persons sustained, and are currently sustaining, the following injuries and damages, past and future, including, but not limited to:

    a. Economic damages, including, but not limited to, damages to personal belongings;

    b. Emotional distress, fear, anxiety, sleeplessness, humiliation, indignity, vitamin D deficiencies, and loss of liberty;

    c. Loss of enjoyment of life and other continued pain and suffering;

    d. All other legally cognizable special and general damages;

    e. Violations of state and federal constitutional rights; and

    f. All damages and penalties recoverable under 42 U.S.C. §§ 1983 and 1988, California Civil Code § 52, California Code of Civil Procedure § 1021.5, and as otherwise allowed under California and United States statutes, codes, and common law.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### (42 U.S.C. § 1983)
### PLAINTIFF AND ALL SIMILARLY SITUATED PERSONS AGAINST DEFENDANTS COUNTY, HENNESSY, FISHER and DOES 1-50

23. Plaintiff and all similarly situated persons re-alleges and incorporates by reference each and every allegation contained in the paragraphs above, as though fully set forth herein.

24. By the actions and omissions described above, the Defendants named above in this cause of action and Does 1-50, acting under the color of state law in their individual capacities, violated 42 U.S.C. § 1983, depriving Plaintiff of the following well-settled constitutional rights that are protected by the Fourth, Eighth and Fourteenth Amendments to the U.S. Constitution:

    a. The right to be free from unreasonable searches, entry and/or seizures, as secured by the Fourth and Fourteenth Amendments; and

    b. The right to be free from cruel and unusual punishment, as secured by the Eighth and Fourteenth Amendments.

25. The listed Defendants' failure to intervene, prevent, or stop the constitutional violations on the part of other, individually named Defendants and/or supervisors, who were in a position to do so when such violations occurred, renders such Defendant(s) liable for these violations.

26. Defendants Hennessy, Fisher, and the to-be-identified Doe Defendants' deliberately indifferent and constitutionally violative conduct in failing to take appropriate actions foreseeably set into motion the chain of events that proximately caused the subsequent

unlawful search of Plaintiff and all similarly situated persons and their personal effects, and caused Plaintiff and all similarly situated persons to continuously be subjected to cruel and unusual punishment and other liberty deprivations.

27. To the extent the supervisors of Does 1-50, who supervised them at material and relevant times, knew, should have known, or had reason to know of Defendants' constitutionally violative conduct, as alleged above, or their propensity to engage in such conduct, such supervisors failed to prevent the unconstitutional acts of said Defendants and failed to properly supervise, thus rendering them liable both directly and in their capacity as supervisor. Thus, any supervisors that failed to prevent the unconstitutional acts of said Defendants and failed to properly supervise them are liable directly and in their capacity as a supervisor.

28. The Defendants named in this cause of action subjected Plaintiff and all similarly situated persons to their wrongful conduct, depriving Plaintiff and all similarly situated persons of the rights described herein, knowingly, maliciously, and with conscious and reckless disregard for whether the rights and safety of Plaintiff would be violated by their acts and/or omissions.

29. As a proximate result of the foregoing wrongful acts, Plaintiff and all similarly situated persons sustained injuries and damages, as set forth above, in ¶ 22. Plaintiff and all similarly situated persons are, therefore, entitled to general and compensatory damages in an amount to be proven at trial.

30. In committing the acts alleged above, the individually named Defendants and Doe Defendants acted maliciously and/or were guilty of wanton and reckless disregard for the rights, safety, and emotional well-being of Plaintiff and all similarly situated persons, and by reason thereof, Plaintiff and all similarly situated persons are entitled to punitive damages and penalties allowable under 42. U.S.C. § 1983 and other state and federal law against these individual Defendants; no punitive damages are sought directly against County.

31. Plaintiff is also entitled to reasonable costs and attorney's fees under 42 U.S.C. § 1988 and other applicable California codes and laws.

//

//

## SECOND CAUSE OF ACTION
### (42 U.S.C. § 1983 – *Monell* and Supervisory Liability)
### PLAINTIFF AND ALL SIMILARLY SITUATED PERSONS AGAINST DEFENDANTS COUNTY, HENNESSY, FISHER and DOES 1-50

32. Plaintiff and all similarly situated persons re-alleges and incorporates by reference each and every allegation contained in the paragraphs above, as though fully set forth herein.

33. As supervisors, Defendants Hennessy, Fisher, and Does 1-50 each permitted and failed to prevent the unconstitutional acts of other Defendants and individuals under their supervision and control, and failed to properly supervise such individuals, with deliberate indifference to the rights of Plaintiff and all other similarly situated persons. Each of these supervising Defendants either directed his or her subordinates in conduct that violated Plaintiff and all others similarly situated persons' rights, OR set in motion a series of acts and omissions by his or her subordinates that the supervisor knew or reasonably should have known would deprive Plaintiff and all others similarly situated persons of their rights, OR knew his or her subordinates were engaging in acts likely to deprive Plaintiff and all other similarly situated persons of their rights and failed to act to prevent his or her subordinates from engaging in such conduct, OR disregarded the consequences of a known or obvious training deficiency that he or she must have known would cause subordinates to violate Plaintiff and all other similarly situated persons' their rights, and in fact did cause the violation of Plaintiff and all other similarly situated persons' rights. (See, Ninth Circuit Model Civil Jury Instruction 9.4). Furthermore, each of these supervising Defendants is liable in their failures to intervene in their subordinates' apparent violations of Plaintiff and all other similarly situated persons' rights.

34. Additionally, these supervisors disregarded the consequences of a policy deficiency that they knew or had reason to know would proximately cause the violation of Plaintiff and all other similarly situated persons' constitutional rights, which in fact did cause the violation of Plaintiff and all other similarly situated persons' rights.

35. Plaintiff and all other similarly situated persons allege, upon information and belief, that the unconstitutional actions and/or omissions of Hennessy, Fisher, and other, Doe Defendants herein were pursuant to the following customs, policies, practices, and/or procedures

of County and/or SFSD, or stated in the alternative, which were directed, encouraged, allowed and/or ratified by policy making officials for County and/or SFSD including Does 1-50:

> a. Failing to enact and/or maintain and/or execute policies and procedures and/or failing to train employees on body cavity searches of inmates without probable cause and/or justification for such searches and in the presence of opposite-sex deputies; and

> b. Failing to enact and/or maintain and/or execute policies and procedures and/or failing to train employees on inmates' exercise and recreation, including, but not limited to, their constitutional right to not be deprived of fresh air and outdoor exercise or recreation.

36. In the alternative, upon information and belief, Defendants may have instituted policies or training addressing some or all of the topics listed above, but have, either through negligence or deliberate indifference to citizens' rights, failed to properly oversee, enforce, and/or properly carry out such policies and/or training.

37. The above-described customs, policies, practices, and/or procedures of County, and/or SFSD were a moving force and/or a proximate cause of the deprivations of Plaintiff and all other similarly situated persons' constitutional rights, in violation of 42 U.S.C. § 1983, as more fully set forth above.

38. Defendant County is also liable for the violations of Plaintiff's rights by their final policy makers, including Hennessy, Fisher, and Does 1-50, as described above. (See, Ninth Circuit Model Civil Jury Instruction 9.6).

39. Upon information and belief, after receiving Plaintiff's Government Code section 910 claim, County conducted investigations and reviews of this matter concerning the wrongful search and other liberty deprivations of Plaintiff and all other similarly situated persons, and Defendants Hennessy, Fisher, and Does 1-50 directly and personally participated in such investigations and reviews. The unconstitutional actions and/or omissions of the individually named Defendants and Does 1-50 were approved, tolerated, and/or ratified by policy making officials for County, including, but not limited to, Hennessy, Fisher, and Does 1-50. Plaintiff is informed and believes, and thereupon alleges that the details of this incident have been revealed to the authorized policy makers within the County offices and that such policymakers have direct

knowledge of the fact that Plaintiff and all other similarly situated persons were wrongfully searched and subjected to other liberty deprivations due to their and their subordinates' deliberate indifference and violations of Plaintiff and all other similarly situated persons' rights. Notwithstanding this knowledge, the authorized policymakers within County, approved of the individually named Defendants' and Does 1-50's conduct and decisions in this matter to the extent such individuals were under their supervision and oversight, and have made a deliberate, conscious, and affirmative choice to endorse and ratify such conduct and decisions, and the basis for them, which resulted in the wrongful arrest and other liberty deprivations suffered by Plaintiff and all other similarly situated persons. By doing so, the authorized policymakers within County have shown affirmative agreement with the conduct of individual Defendants and other employees/agents under their supervision, and have ratified the unconstitutional acts of these individual Defendants, employees, and agents.

40. The aforementioned customs, policies, practices, and procedures; the failure to properly and adequately hire, train, instruct, monitor, supervise, evaluate, investigate, and discipline; and, the unconstitutional orders, approvals, ratification, and toleration of wrongful conduct of Defendants Hennessy, Fisher, and Does 1-50 were a moving force and/or a proximate cause of the deprivation of Plaintiff's clearly established and well-settled constitutional rights, in violation of 42 U.S.C. § 1983, as more fully set forth in the paragraphs above.

41. As a direct and proximate result of the foregoing unconstitutional actions, omissions, customs, policies, practices, and/or procedures of Defendants Hennessy, Fisher, and Does 1-50, or the lack of inadequacy thereof, Plaintiff and all other similarly situated persons suffered liberty deprivations, incurred damages, and thus, they are entitled to damages, penalties, costs, and attorney's fees, as set forth above, in ¶ 22, and punitive damages against Defendants Hennessy, Fisher, and Does 1-50, in their individual capacities. Furthermore, Plaintiff and all other similarly situated persons' only means of securing complete and adequate relief is to also seek declaratory and injunctive relief, to offer Plaintiff and all other similarly situated persons substantial and complete protection from Defendants' unlawful policies and practices; the

remedy at law is inadequate. Plaintiff, thus, seeks both legal damages and equitable remedies in the form of injunctive relief against Defendants County.

### THIRD CAUSE OF ACTION
### (CAL. CONST. ART. I, § 13)
### PLAINTIFF AND ALL SIMILARLY SITUATED PERSONS AGAINST DEFENDANTS COUNTY, HENNESSY, FISHER and DOES 1-50

42. Plaintiff and all similarly situated persons re-alleges and incorporates by reference each and every allegation contained in the paragraphs above, as though fully set forth herein.

43. The unreasonable search of Plaintiff and all other similarly situated persons violated Plaintiff all other similarly situated persons' rights under Article 1, § 13 of the California Constitution, thereby entitling Plaintiff to damages for this violation.

44. Defendant County is not sued directly in this cause of action, but is named because it is liable under California Government Code § 815.2 for injuries proximately caused by an act or omission of an employee, committed within the course and scope of the employee's employment.

45. As a proximate result of the foregoing wrongful acts, Plaintiff sustained injuries and damages, as set forth above, in ¶ 22.

46. Plaintiff is, therefore, entitled to general and compensatory damages in an amount to be proven at trial.

47. In committing the acts alleged above, Defendants acted maliciously and/or were guilty of wanton and reckless disregard for the rights, safety, and emotional well-being of Plaintiff, and by reason thereof, Plaintiff is entitled to exemplary and punitive damages against these individual defendants in an amount to be proven at trial.

### FOURTH CAUSE OF ACTION
### (CAL. CONST. ART. I, § 17)
### PLAINTIFF AND ALL SIMILARLY SITUATED PERSONS AGAINST DEFENDANTS COUNTY, HENNESSY, FISHER and DOES 1-50

48. Plaintiff and all similarly situated persons re-alleges and incorporates by reference each and every allegation contained in the paragraphs above, as though fully set forth herein.

49. The unreasonable search of Plaintiff and all other similarly situated persons violated Plaintiff all other similarly situated persons' rights under Article 1, § 17 of the California Constitution, thereby entitling Plaintiff to damages for this violation.

50. Defendant County is not sued directly in this cause of action, but is named because it is liable under California Government Code § 815.2 for injuries proximately caused by an act or omission of an employee, committed within the course and scope of the employee's employment.

51. As a proximate result of the foregoing wrongful acts, Plaintiff sustained injuries and damages, as set forth above, in ¶ 22.

52. Plaintiff is, therefore, entitled to general and compensatory damages in an amount to be proven at trial.

53. In committing the acts alleged above, Defendants acted maliciously and/or were guilty of wanton and reckless disregard for the rights, safety, and emotional well-being of Plaintiff, and by reason thereof, Plaintiff is entitled to exemplary and punitive damages against these individual defendants in an amount to be proven at trial.

**FIFTH CAUSE OF ACTION**
**(CALIFORNIA CIVIL CODE § 52.1(b))**
**PLAINTIFF AND ALL SIMILARLY SITUATED PERSONS AGAINST DEFENDANTS COUNTY, HENNESSY, FISHER and DOES 1-50**

54. Plaintiff and all similarly situated persons re-alleges and incorporates by reference each and every allegation contained in the paragraphs above, as though fully set forth herein.

55. By their acts, omissions, customs, and policies, Defendants County, Hennessy, Fisher, and Does 1-50, acting in concert/conspiracy, as described above, and with threat, intimidation, and/or coercion, violated Plaintiff's rights under California Civil Code § 52.1 and the following clearly established rights under the United States Constitution and California Constitution and law:

    a. Plaintiff's rights to be free from unreasonable seizure and her right not to be deprived of liberty or property without due process of law, as secured by the Fourth and Fourteenth Amendments to the United States Constitution and the California Constitution, Article 1, Sections 7, 13, and 17;

  b. The right to enjoy and defend life and liberty; acquire, possess, and protect property; and pursue and obtain safety, happiness, and privacy, as secured by the California Constitution, Article 1, Section 1; and,

  c. The right to protection from bodily restraint, harm, or personal insult, as secured by California Civil Code § 43.

56. Separate from, and above and beyond, Defendants' attempted interference, interference with, and violation of Plaintiff's rights, Defendants violated Plaintiff's rights by the following conduct, among other conduct, constituting threat, intimidation, or coercion:

  a. Intentionally and/or with deliberate indifference, causing Plaintiff to be subjected to unlawful searches and other liberty deprivations.

57. Defendant County is not sued directly in this cause of action, but is named because County is vicariously liable pursuant to California Government Code section 815.2.

58. As a direct and proximate result of Defendants' violation of California Civil Code § 52.1 and of Plaintiff's rights under the United States and California Constitutions and law, Plaintiff sustained injuries and damages, and against each Defendant named in this Cause of Action is entitled to relief as set forth above, in ¶ 22, and punitive damages against all individual Defendants, including all damages and penalties allowed by California Civil Code §§ 52 and 52.1 and California law, three times actual damages, and attorneys' fees.

**SIXTH CAUSE OF ACTION**
**(CALIFORNIA PENAL CODE § 2644)**
**PLAINTIFF AND ALL SIMILARLY SITUATED PERSONS AGAINST DEFENDANTS COUNTY, HENNESSY, FISHER and DOES 1-50**

59. Plaintiff and all similarly situated persons re-alleges and incorporates by reference each and every allegation contained in the paragraphs above, as though fully set forth herein.

60. The unreasonable search of Plaintiff and all other similarly situated persons violated Plaintiff all other similarly situated persons' rights under California Penal Code § 2644, thereby entitling Plaintiff to damages for this violation.

61. Defendant County is not sued directly in this cause of action, but is named because it is liable under California Government Code § 815.2 for injuries proximately caused

by an act or omission of an employee, committed within the course and scope of the employee's employment.

62. As a proximate result of the foregoing wrongful acts, Plaintiff sustained injuries and damages, as set forth above, in ¶ 22.

63. Plaintiff is, therefore, entitled to general and compensatory damages in an amount to be proven at trial.

64. In committing the acts alleged above, Defendants acted maliciously and/or were guilty of wanton and reckless disregard for the rights, safety, and emotional well-being of Plaintiff, and by reason thereof, Plaintiff is entitled to exemplary and punitive damages against these individual defendants in an amount to be proven at trial.

## SEVENTH CAUSE OF ACTION
### (INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)
### PLAINTIFF AND ALL SIMILARLY SITUATED PERSONS AGAINST DEFENDANTS COUNTY, HENNESSY, FISHER and DOES 1-50

65. Plaintiff and all similarly situated persons re-alleges and incorporates by reference each and every allegation contained in the paragraphs above, as though fully set forth herein.

66. By the above-described acts and/or omissions and/or failures to supervise and/or failure to institute and execute adequate training and policies on the part of Defendants, as alleged herein, Plaintiff and all other similarly situated persons were subjected to intentional infliction of emotional distress, thereby entitling them to damages pursuant to California law.

67. The aiding and abetting and/or failure to intervene and/or failure to prevent this arrest gives rise to liability on the part of other, to-be-identified Doe Defendants.

68. Defendant County is not sued directly in this cause of action, but is named because it is vicariously liable pursuant to California Government Code § 815.2.

69. As a proximate result of the foregoing wrongful acts, Plaintiff sustained injuries and damages, as set forth above, in ¶ 22. Plaintiff and all other similarly situated persons are, therefore, entitled to general and compensatory damages in an amount to be proven at trial, as well as punitive damages against Defendants in their individual capacities. No punitive damages are sought against County directly.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the following relief against each and every Defendant herein, jointly and severally:

1. Compensatory damages in an amount according to proof, which is fair, just, and reasonable;

2. Punitive damages under 42 U.S.C. § 1983, federal law, and California law, in an amount according to proof and which is fair, just, and reasonable against all Defendants except the public entities;

3. For attorney's fees and costs of suit under 42 U.S.C. § 1988;

4. For attorney's fees and cost of suit under California Civil Code §§ 52(b)(3) and 52.1(h);

5. All other damages, penalities, costs, interest, and attorney's fees as allowed by 42 U.S.C. §§ 1983 and 1988; California Code of Civil Procedure § 102.5; California Civil Code §§ 52 et seq. and 52.1; and as otherwise may be allowed by California and/or federal law;

6. For declaratory and injunctive relief against County; and

6. For such other and further relief as the Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff hereby respectfully demands a jury trial, pursuant to Rule 38 of the Federal Rules of Civil Procedure.


Dated: November 20, 2019         /s/ Andrew Chan Kim
                                 ANDREW CHAN KIM

                                 Attorney for Plaintiff