UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENYON NORBERT, et al., <br><br> Plaintiffs, <br><br> v. <br><br> SAN FRANCISCO SHERIFF'S DEPARTMENT, et al., <br><br> Defendants. | Case No. 19-cv-02724-SK <br><br> **ORDER DENYING MOTION TO RELATE** <br><br> Regarding Docket No. 141 |

On March 19, 2020, Defendants filed an administrative motion asking the Court to consider whether this case should be related to *Pierce v. County of San Francisco, et al.*, 19-cv-07659-JSW, which was filed in this District on November 20, 2019 ("*Pierce*"). Plaintiffs oppose the administrative motion. (Dkt. 143.) The Plaintiff in *Pierce* also filed an opposition to Defendants' motion. (Dkt. 144.) Having evaluated the complaints and dockets in both matters, the Court HEREBY DENIES the motion to relate, for the reasons set forth below.

**A.   Legal Standard.**

Civil Local Rule 3-12(a) dictates that the Court should relate cases where "the actions concern substantially the same parties, property, transaction or event" and "[i]t appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges."

**B.   Discussion.**

The two cases at issue here do not "concern substantially the same parties, property, transaction or event." Civ. L. Rule 3-12(a). The Plaintiff in *Pierce* brings claims related both to the denial of out-of-cell time and outdoor recreation in San Francisco County Jail 2 ("County Jail 2") and to cross-gender visual body cavity searches in County Jail 2. In contrast, *Norbert*

concerns only claims related to denial of out-of-cell time and outdoor recreation in San Francisco County Jails 4 and 5.  The Court finds that the unique cause of action related to body cavity searches in *Pierce* raises separate legal issues that will require factual development and analysis significantly different from that required in *Norbert*.

The Court further finds that the claims in *Peirce* related to denial of out-of-cell time and outdoor recreation are unsuited to resolution alongside the denial of out-of-cell time and outdoor recreation claims in *Norbert*.  Though the claims will turn on similar legal principles, the facts in the two cases are distinct.  The claims in *Norbert* pertain only to conditions in County Jails 4 and 5, and the Court and parties have already invested significant time and resources developing the factual record in *Norbert* as to those facilities.  Because it was filed later, *Pierce* is in a different phase of litigation, and because it pertains to County Jail 2, a different facility entirely, the factual discovery in *Norbert* completed so far will not be relevant to the claims in *Pierce*.

*Norbert* has been significantly litigated; *Pierce* is still in the pre-discovery stage of litigation.  Given this difference in procedural posture as well as the differing facts and claims at issue, relating the two cases would be more burdensome than letting them proceed separately.  The Court therefore concludes that relation of the two cases would disserve judicial economy and impede the interests of justice in both matters.  Defendants' motion to relate is DENIED.

**IT IS SO ORDERED**.

Dated: April 1, 2020

_____
SALLIE KIM
United States Magistrate Judge