DENNIS J. HERRERA, State Bar #139669
City Attorney
MEREDITH B. OSBORN, State Bar #250467
Chief Trial Deputy
RAYMOND R. ROLLAN, State Bar #304548
Deputy City Attorney
Fox Plaza
1390 Market Street, Sixth Floor
San Francisco, California 94102-5408
Telephone:    (415) 554-3888
Facsimile:    (415) 554-3837
E-Mail:        raymond.rollan@sfcityatty.org

Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO,
SAN FRANCISCO SHERIFF'S DEPARTMENT, VICKI
HENNESSY, SHERIFF PAUL MIYAMOTO
AND MICHELE FISHER

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JILLIAN PIERCE, NICOLE WADE, VINCENT KEITH BELL, on behalf of herself and all others similarly situated,<br><br>        Plaintiff,<br><br>        vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO, Then-San Francisco Sheriff's Department Sheriff VICKI HENNESSY, San Francisco Sheriff's Department Chief Deputy MICHELLE FISHER, San Francisco Sherriff's Department Sheriff Paul Miyamoto and County of San Francisco employees DOES 1-50, Jointly and Severally,<br><br>        Defendants. | Case No. 19-CV-07659-JSW (LB)<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT**<br><br>Hearing Date:    November 13, 2020<br>Time:            9:00 a.m.<br>Place:           Courtroom 5, 2nd Floor<br>                 1301 Clay Street<br>                 Oakland, CA 94612 |

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ...................................................................................................... iii

I.      INTRODUCTION ..........................................................................................................1

II.     FACTUAL BACKGROUND .........................................................................................1

        I.      Lack of Outdoor Recreation .................................................................................2

        II.     Cross-Gender Unclothed Body Cavity Searches ..................................................2

III.    LEGAL STANDARD .....................................................................................................3

IV.     ARGUMENT ..................................................................................................................3

        A.      EACH OF THE CLAIMS AGAINST DEFENDANTS HENNESSEY, MIYAMOTO, AND FISHER MUST BE DISMISSED ............................3

        B.      THE CLAIMS RELATING TO DENIAL OF OUTDOOR EXERCISE SHOULD BE DISMISSED .....................................................................4

        C.      PLAINTIFFS' CLAIM RELATING TO UNCLOTHED BODY CAVITY SEARCHES FAILS ......................................................................5

        D.      PLAINTIFFS' *MONELL* CLAIM LACKS MERIT ..................................7

        E.      THE INDIVIDUAL DEFENDANTS ARE ENTITLED TO QUALIFIED IMMUNITY AS TO PLAINTIFFS' FEDERAL CLAIMS ..8

                1.      Qualified Immunity Applies to Plaintiffs' Claim Regarding Conditions of Confinement. ...........................................................9

                2.      Qualified Immunity Applies to Visual Body Cavity Searches Conducted In Presence or View of Male Deputies. .........................9

        F.      THE PLRA BARS PLAINTIFFS' EMOTIONAL AND MENTAL SUFFERING CLAIMS THAT LACK A SHOWING OF PHYSICAL INJURY ...............................................................................................10

        G.      PLAINTIFFS' BANE ACT CLAIM MUST BE DISMISSED OR, ALTERNATIVELY, PORTIONS SHOULD BE STRICKEN ................11

                1.      State Law Immunity for Injury to a Prisoner Bars Plaintiffs' Bane Act Claim Against the City. ..................................................11

                2.      The Good Faith Immunity Bars Plaintiffs' State Law Claims Against the Individual Defendants. ...............................................11

                3.      This Court Should Strike Portions of This Cause of Action That Are Improper. ..............................................................................12

                        a.      Plaintiff Wade and Bell Must Be Stricken From This Cause of Action. ..................................................................12

                        b.      Plaintiffs' Allegations Under this Claim That Pertain to Denial of Outdoor Recreation Are Improper. ...................13

                        c.      Amendment of Plaintiff Pierce's Government Claim is Futile. ..................................................................................14

CONCLUSION ........................................................................................................................... 15

## TABLE OF AUTHORITIES

**State Cases**

*Ard v. County of Contra Costa*
  93 Cal.App.4th 339 (2001) ..................................................................................14

*Bodde, supra*
  32 Cal.4th at p. 1245 ..........................................................................................14

*California Restaurant Management Systems v. City of San Diego*
  195 Cal.App.4th 1581 (2011) ..............................................................................14

*City of San Jose v. Superior Court*
  12 Cal.3d 447 (1974) ....................................................................................13, 14

*Eaton v. Ventura Port Dist.*
  45 Cal.App.3d 862 (1975) ...................................................................................14

*Mazzola v. Feinstein*
  154 Cal.App.3d 305 (1984) .................................................................................12

*Munoz v. State of California*
  33 Cal.App.4th 1767 (1995) ..........................................................................14, 15

*Nichols v. Canoga Indus.*
  83 Cal.App.3d 956 (1978) ...................................................................................13

*O'Toole v. Superior Court*
  140 Cal.App.4th 488 (2006) ...........................................................................11, 12

*Pac. States Enterprises, Inc. v. City of Coachella*
  13 Cal.App.4th 1414 (1993) ................................................................................13

*Sahley v. County of San Diego*
  69 Cal.App.3d 347 (1977) ...................................................................................11

*Santee v. Santa Clara County Office of Education*
  220 Cal.App.3d 702 (1990) .................................................................................15

*State of California v. Superior Court (Bodde)*
  32 Cal. 4th 1234 (2004) ......................................................................................12

**State Statutes & Codes**

California Civil Code
  Section 52.1 .................................................................................................11, 14

California Government Code
  Section 810 et seq. .............................................................................................12

California Government Code
  Section 820.6 ......................................................................................................11

California Government Code
    Section 844 ........................................................................................................................11

California Government Code
    Section 844.6 .....................................................................................................................11

California Government Code
    Section 844.6(a)(2) ............................................................................................................11

California Government Code
    Section 905.2 .....................................................................................................................12

California Government Code
    Section 911.2 ......................................................................................................................12

California Government Code
    Section 911.4(a) .................................................................................................................14

California Government Code
    Section 911.4(b) .................................................................................................................14

California Government Code
    Section 915(b) ....................................................................................................................12

California Government Code
    Section 945.6 .....................................................................................................................12

California Government Code
    Section 946.6(a) .................................................................................................................14

California Government Code
    Section 946.6(b) .................................................................................................................14

**Federal Cases**
*Allen v. Sakai*
    48 F.3d 1082 (9th Cir. 1994) ...............................................................................................9

*Ashcroft v. Al-Kidd*
    563 U.S. 731 (2011).............................................................................................................8

*Ashcroft v. Iqbal*
    556 U.S. 662 (2009).............................................................................................................3

*Balistreri v. Pacifica Police Dept.*
    901 F.2d 696 (9th Cir. 1988) ...............................................................................................3

*Brosseau v. Haugen*
    543 U.S. 194 (2004)..............................................................................................................8

*Cty. of Sacramento v. Lewis*
    523 U.S. 833 (1998)..............................................................................................................7

MPA ISO MTD FIRST AMENDED COMPLAINT         iv              n:\lit\li2020\200589\01485092.docx
CASE NO. 19-CV-07659-JSW (LB)

*Davis v. District of Columbia*
 158 F.3d 1342 (D.C. Cir. 1998) ..........................................................................................10, 11

*Fontana v. Haskin*
 262 F.3d 871 (9th Cir. 2001) ........................................................................................................7

*Franklin v. Fox*
 312 F.3d 423 (9th Cir. 2002) ........................................................................................................8

*Gilette v. Delmore*
 979 F.2d 1342 (9th Cir. 1992) ......................................................................................................8

*Grummett v. Rushen*
 779 F.2d 491 (9th Cir. 1985) ..............................................................................................5, 6, 9

*Guillory v. County of Orange*
 731 F.2d 1379 (9th Cir. 1984) ......................................................................................................7

*Harris v. Garner*
 216 F.3d 970 (11th Cir. 2000) ....................................................................................................10

*Hubbard v. De Ochoa*
 2015 WL 1879983, at 5-6 (E.D. Cal. Apr. 23, 2015) ...................................................................6

*Leer v. Murphy*
 844 F.2d 628 (9th Cir. 1988) ........................................................................................................4

*Michenfelder v. Sumner*
 860 F.2d 328 (9th Cir. 1988) ........................................................................................................5

*Monell v. Department of Soc. Servs.*
 436 U.S. 658 (1978)............................................................................................................4, 7, 8

*Norwood v. Vance*
 591 F.3d 1062 (9th Cir. 2010) ......................................................................................................9

*Nurre v. Whitehead*
 580 F.3d 1087 (9th Cir. 2009) ......................................................................................................3

*Oliver v. Keller*
 289 F.3d 623 (9th Cir. 2002) ......................................................................................................10

*Pearson v. Callahan*
 555 U.S. 223 (2009)......................................................................................................................8

*Pierce v. County of Orange*
 526 F.3d 1190 (9th Cir. 2008) ..................................................................................................5, 9

*Preschooler II v. Clark County School Bd. of Trustees*
 479 F.3d 1175 (9th Cir. 2007) ......................................................................................................4

*Ramirez v. City of Buena Park*
  560 F.3d 1012 (9th Cir. 2009) ....................................................................................8

*Rutherford v. Pitchess*
  710 F.2d 572 (9th Cir. 1983); ..................................................................................5, 9

*Santiago v. Fenton*
  891 F.2d 373 (1st Cir. 1989)......................................................................................8

*Saucier v. Katz*
  533 U.S. 194 (2001).................................................................................................8, 9

*Sharp v. County of Orange*
  871 F.3d 901 (9th Cir. 2017) ....................................................................................9

*Shorter v. Baca*
  895 F.3d 1176 (9th Cir. 2018) .................................................................................4, 9

*Simmons v. Navajo County, Ariz.*
  609 F.3d 1011 (9th Cir. 2010) ..................................................................................4

*Spain v. Procunier*
  600 F.2d 189 (9th Cir. 1979) ....................................................................................9

*White v. Pauly*
  137 S. Ct. 548 (2017).................................................................................................8

*Whittington v. California Dep't of Corr. & Rehab.*
  2010 WL 761314, at 2 (N.D. Cal. Mar 3, 2010 ......................................................5

*Wilkerson v. Butler*
  229 F.R.D. 166 (E.D. Cal. 2005) ..............................................................................7

*Wilson v. Seiter*
  501 U.S. 294 (1991)..................................................................................................5, 9

*Wright v. Rushen*
  642 F.2d 1129 (9th Cir. 1981) ..................................................................................9

*York v. Story*
  324 F.2d 450 (9th Cir. 1963) ....................................................................................5

*Zehner v. Trigg*
  952 F.Supp. 1318 (S.D. Ind. 1997).........................................................................10

**Federal Statutes**
42 United States Code
  Section 1983 ...........................................................................................................3, 7

42 United States Code
  Section 1997e(e). ......................................................................................................10

**Rules**

Federal Rules of Civil Procedure
     Rule 12(b)(6)........................................................................................................................1

Federal Rules of Civil Procedure
     Rule 12(f)……………………………………………………………………7, 12

Federal Rules of Evidence
     Rule 201(2) ........................................................................................................................13

**Constitutional Provisions**

United States Constitution
     Fourteenth Amendment ..........................................................................................5, 6, 7

United States Constitution
     Fourth Amendment .....................................................................................................5

## I.   INTRODUCTION

The San Francisco Sheriff's Department ("SFSD") provides visible day light, fresh air, and recreation to all of its inmates.  Furthermore, SFSD conducts visual body cavity strip searches of pretrial detainees in compliance with jail protocol and established law.  Plaintiffs Jillian Pierce ("Pierce"), Nicole Wade ("Wade"), and Vincent Bell ("Bell") (collectively "Plaintiffs") sue, alleging that the constitution guarantees outdoor recreation for pretrial detainees.  Plaintiffs, however, can provide no legal authority to support that proposition.  Plaintiff Pierce, a former pretrial detainee, and Plaintiff Wade, a current pretrial detainee at San Francisco County Jail No. 2 ("CJ No. 2") further allege that on more than one occasion, female SFSD deputies conducted a visual body cavity strip search of female inmates, without physical contact, in the presence and direct view of male deputies, in violation of their constitutional rights.  This claim is also without merit.

Plaintiffs bring this action against the City and County of San Francisco[1] ("City"), SFSD former Sheriff Vicki Hennessey, SFSD Sheriff Paul Miyamoto, and SFSD Chief Deputy Michele Fisher, all of whom are named in their individual and official capacities ("collectively Defendants").  Plaintiffs seek damages under federal law and various state law theories on behalf of themselves, and on behalf of a putative class of persons who "are regularly subjected to the constitutional and statutory violations described in the complaint."  (FAC ¶ 35.)  Defendants move for dismissal of Plaintiffs' claims under Federal Rule of Civil Procedure 12(b)(6).  Furthermore, state law immunities bar Plaintiffs' claims.  Therefore, Defendants respectfully request that the Court grant their motion.

## II.   FACTUAL BACKGROUND

The following facts are taken from Plaintiffs' First Amended Complaint ("FAC"), and assumed true for the purposes of this motion.  (ECF No. 29).  Plaintiff Pierce was incarcerated at CJ No. 2 as a pretrial detainee for two years.  (FAC. ¶ 20).  Plaintiff Wade is a current pre-trial detainee at CJ No. 2, where she has been confined for two years.  (FAC ¶ 9).  Plaintiff Bell is also a current pre-trial detainee at CJ No. 2, where he has been confined for over seven years.  (FAC ¶ 10).  The City and County of San

---

[1] Erroneously sued herein as County of San Francisco.

Francisco operates the San Francisco Sheriff's Department and CJ No. 2.  (FAC ¶ 11).  CJ No. 2 is the only jail in the City that houses women.  (FAC ¶ 2).

## I.      Lack of Outdoor Recreation

Plaintiffs allege that Defendants deny all prisoners in County Jail No. 2 any and all access to outdoor recreation and direct sunlight, in violation of Title 15 of the California Code of Regulations § 1065.  (FAC ¶ 21-22).  Plaintiffs allege on information and belief that SFSD pays a monthly fine for this violation.  (*Id.*)  Plaintiffs claim that denial of access to outdoor recreation or direct sunlight results from the jail's deliberate design and logistical limitations.  (FAC ¶ 22).  Plaintiffs allege that inmates submitted grievances for this issue, but were ignored.  (*Id.*)  There are no allegations regarding the conditions of the facility, including but not limited to, recreational and exercise options and areas permitting access to outside air and natural light.

Plaintiffs further allege that the denial of outdoor recreation has caused Plaintiffs stress, anxiety, depression, and skin discoloration.  (FAC ¶ 24).  They further allege that lack of exposure to the outdoors generally places pretrial detainees at substantial risk of serious harm.  (*Id.*)

## II.     Cross-Gender Unclothed Body Cavity Searches

On or about November 20, 2018, SFSD female deputies ordered all female inmates in D-Pod, a section of County Jail No. 2, to gather at the lower level of the pod.  (FAC ¶ 26).  The female deputies ordered the inmates, in groups of three, to enter into bathroom stalls and remove their clothing, squat, cough, spread open their vaginas and anuses, and lift their breasts for visual inspection.  (*Id.*)  The bathroom stalls were open and the search was conducted in the presence and direct view of at least three male deputies who were situated throughout the pod.  (*Id.*)  Plaintiffs allege that this same type of search also occurred in B-Pod and/or E-Pod, where male deputies were permitted to watch.  (FAC ¶ 27).

On October 2018 in D-Pod, female deputies conducted visual body cavity searches of female inmates, in the presence of male deputies, who watched as the searches were conducted.  (FAC ¶ 28).  Plaintiffs allege on information and belief that following one of the unclothed body cavity searches, a male deputy who observed the search commented that he did not have a girlfriend and found them attractive.  (FAC ¶ 29).  Plaintiffs allege that the inmates filed grievances following these searches, and that investigators interviewed the female inmates.  (FAC ¶ 30).

MPA ISO MTD FIRST AMENDED COMPLAINT                     2                    n:\lit\li2020\200589\01485092.docx
CASE NO. 19-CV-07659-JSW (LB)

Plaintiffs allege that both of these violations were made pursuant to "SFSD protocol, policy, custom, or practice." (FAC ¶ 17). In particular, Defendant Hennessey as then-Sheriff, and Defendant Miyamoto as Sheriff, at all relevant times were "the final policy making official for the SFSD, ultimately responsible for all policies, procedures, supervision, and training of the SFSD." (FAC ¶ 12, 14). Furthermore, Defendant Fisher, at all relevant times supervised SFSD deputies, and "was responsible for enforcing policies, procedures, supervision, and the training of them." (FAC ¶ 13). Plaintiffs allege that these Defendants "gave consent, aid, and assistance to each of the remaining defendants, and ratified and/or authorized the acts or omissions of each defendant," and at all relevant times, were an "integral participant, jointly and fundamentally engaged" in unlawful conduct. (FAC ¶ 16).

Based on the above, Plaintiffs assert four claims against Defendants: (1) 42 U.S.C. § 1983 - Denial of Outdoor Recreation in Violation of the Fourteenth Amendment; (2) 42 U.S.C. § 1983 – Cross Gender Visual Body Cavity Search in Violation of the Fourteenth Amendment; (3) 42 U.S.C. § 1983 - *Monell* and Supervisory Liability; and (4) violation of California Civil Code § 52.1 (Bane Act). Plaintiffs seeks injunctive relief, compensatory, and punitive damages.

### III.    LEGAL STANDARD

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). A claim is facially plausible when there are sufficient factual allegations to draw a reasonable inference that defendants are liable for the misconduct alleged. Dismissal is only proper if there is either a "lack of cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988).

### IV.    ARGUMENT

**A.    EACH OF THE CLAIMS AGAINST DEFENDANTS HENNESSEY, MIYAMOTO, AND FISHER MUST BE DISMISSED**

Section 1983 provides a cause of action for the violation of a plaintiff's constitutional or other federal rights by persons acting under the color of state law. *Nurre v. Whitehead*, 580 F.3d 1087, 1092 (9th Cir. 2009). To state a claim, a plaintiff must demonstrate that each defendant personally participated in the deprivation of rights. *Simmons v. Navajo County, Ariz.,* 609 F.3d 1011, 1020-21

(9th Cir. 2010). Relief sought under the Civil Rights Act can only be maintained against those personally involved in the deprivation of another's constitutional rights. *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988). There is no respondeat superior liability under section 1983. *Preschooler II v. Clark County School Bd. of Trustees*, 479 F.3d 1175, 1182 (9th Cir. 2007).

This Court must dismiss Plaintiffs' claims against Defendants Hennessey, Miyamoto, and Fisher ("Individual Defendants") because they fail as a matter of law. Although Plaintiffs sue these Defendants in their individual capacities (FAC ¶¶ 12-14), they have not alleged any conduct that the Individual Defendants personally undertook that violated Plaintiffs' rights. There are no specific facts plead regarding the acts that each individual took with relation to the allegedly unconstitutional conditions at County Jail No. 2. Certainly, they cannot make policies regarding the structure of the building. Furthermore, Plaintiffs do not allege that any Individual Defendants were present during the alleged searches or that they personally directed the deputies to conduct those searches. Instead, in support of Plaintiffs' *Monell* claim, Defendants Hennessey and Miyamoto are identified as "final policymaker[s]," and Defendant Fisher is identified as someone who enforced those policies. (FAC ¶¶ 12-14). *See Monell v. Department of Soc. Servs.,* 436 U.S. 658 (1978) (noting that such conduct is "official capacity" conduct). Because Plaintiffs have made no allegations that any Individual Defendants were even present when the unconstitutional violations occurred, let alone took any action to cause them, the Court must dismiss Plaintiffs' claims against Defendants Hennessey, Miyamoto, and Fisher in their individual capacities.

### B.    THE CLAIMS RELATING TO DENIAL OF OUTDOOR EXERCISE SHOULD BE DISMISSED

Plaintiffs contend that the absolute denial of outdoor exercise violates the Fourteenth Amendment. The FAC alleges that Plaintiffs, for the entirety of their incarceration at County Jail No. 2, were denied any opportunity to be outside. (FAC ¶ 25). Furthermore, Plaintiffs allege that all prisoners housed at County Jail No. 2, some of whom "have yet to be convicted and have been incarcerated for years" have never been able to go outside and enjoy fresh air. (*Id.*)

Courts, however, have not recognized a constitutional right of pretrial detainees to outdoor exercise or outdoor recreation. *Shorter v. Baca*, 895 F.3d 1176, 1185 (9th Cir. 2018); *Pierce v. County*

*of Orange*, 526 F.3d 1190 (9th Cir. 2008); *Rutherford v. Pitchess*, 710 F.2d 572, 579 (9th Cir. 1983); *see Wilson v. Seiter*, 501 U.S. 294, 305 (1991).  Because Plaintiffs cannot identify such a constitutional right, this claim fails as a matter of law, and the Court must dismiss Plaintiffs' claim without leave to amend.

### C.    PLAINTIFFS' CLAIM RELATING TO UNCLOTHED BODY CAVITY SEARCHES FAILS

As a preliminary matter, Plaintiffs incorrectly plead this cause of action.  The FAC states that female sheriff's deputies at CJ No. 2 forced female pretrial detainees to submit to unclothed body cavity searches while male deputies looked on.  (FAC ¶ 4).  In other words, female, not male, deputies conducted the searches of female inmates.  Plaintiffs do not allege that male deputies conducted the searches, only that they "watched" or "were permitted to watch" as the searches took place.  (FAC ¶¶ 26-28).  As such, the alleged constitutional violation described by the FAC is the cross gender observation of visual body cavity searches, instead of cross gender visual body cavity searches, which is a different claim altogether.  No facts alleged in the complaint support the latter claim.  This motion will thus respond to a claim for cross gender observation of a visual body cavity search under the Fourteenth Amendment.[2]  This claim fails as a matter of law.

The Fourteenth Amendment bars "any State [from] depriv[ing] any person of life, liberty, or property, without due process of law."  U.S. Const. Amend. XIV § 1.  The Ninth Circuit has held that the right to privacy, which includes the right to shield one's naked body from view by persons of the opposite sex, applies in the prison context.  *York v. Story*, 324 F.2d 450 (9th Cir. 1963); *Grummett v. Rushen,* 779 F.2d 491, 496 (9th Cir. 1985).

---

[2] The FAC is unclear as to whether Plaintiffs assert a Fourth Amendment claim under the First Cause of Action, however, to the extent they do, that claim fails.  Well-established case law provides that cross-gender observation of a visual body cavity strip search by prison personnel, without physical contact, does not violate the Fourth Amendment. *See Somers v. Thurman*, 109 F.3d 614, 622 (9th Cir. 1997) (declining to find a Fourth Amendment violation where the inmate was subject to "routine unclothed searches by officials of the opposite sex" and the "viewing of [his] unclothed [body] by officials of the opposite sex"); *Michenfelder v. Sumner*, 860 F.2d 328 (9th Cir. 1988) (finding no Fourth Amendment violation where routine strip search procedures on a male inmate were occasionally conducted in the view of female guards); *Grummet v. Rushen*, 779 F.2d 491, 496 (9th Cir. 1985) (upholding prison's policy of assigning female officers to posts where the female officers could occasionally view male inmates in various states of undress); *Whittington v. California Dep't of Corr. & Rehab.*, 2010 WL 761314, at 2 (N.D. Cal. Mar 3, 2010).

In *Grummett,* the court considered a class action asserting that a "policy and practice of allowing female correctional officers to view male inmates in states of partial or total nudity while dressing, showering, being strip searched, or using toilet facilities violated [inmates'] right to privacy." *Id.* at 492.  The court held that the privacy interests in a prison context can be restricted "to the extent necessary to further the correctional system's legitimate goals and policies."  *Id.* at 493.  Ultimately, the court found that in light of the state's interest in searching and surveilling to maintain prison security, the infrequent and restricted observation of male prisoners in various states of undress by female guards, was not "so degrading as to require [judicial] intervention."  *Id.* at 495.  It further noted "to restrict female guards from positions which involved occasional viewing of inmates unclothed would possibly produce a risk to both internal security needs and equal employment opportunities," and thus such surveillance is justified.  *Id.* at 496.

Here, Plaintiffs Pierce and Wade allege that on at least two occasions, female deputies conducted visual body cavity searches of female inmates at CJ No. 2 in the presence and direct view of male deputies.  (FAC ¶ 26-28).  They allege that male deputies watched, or were permitted to watch as the searches took place.  (*Id.*)  Plaintiffs, however, do not allege that the male deputies entered the strip search area or that any observations were sustained and intentional.  *See Hubbard v. De Ochoa*, 2015 WL 1879983, at 5-6 (E.D. Cal. Apr. 23, 2015) (finding no Fourteenth Amendment violation where the plaintiff was strip searched within view of male and female officers and nurses, but made no allegations that he was subject to prolonged observation by others while he was unclothed, or that the officers and nurses did more than casually observe him in passing.)  Pursuant to *Grummett*, the fact that the male deputies, some of whom were assigned to positions in the pod where they may have casually viewed or observed the visual body cavity searches performed by female deputies, is insufficient to support a claim under the Fourteenth Amendment.  As in *Grummett,* such restrictions would equally produce a risk to both internal security needs and equal employment opportunities for the City.  As such, the Court must dismiss this claim without leave to amend.

Furthermore, to the extent Plaintiffs assert a claim under a Fourteenth Amendment right to bodily integrity, that claim equally fails.  "Most cases that involve unwanted sexual contact or harassment by public officials have been analyzed under the substantive due process right to be free

from violations of bodily integrity under the Fourteenth Amendment." *Fontana v. Haskin*, 262 F.3d 871, 881–82 n.6 (9th Cir. 2001). "Under the Fourteenth Amendment's substantive due process prong, we use the 'shocks the conscience' test." *Id.* at 882 n.7 (*citing Cty. of Sacramento v. Lewis*, 523 U.S. 833, 846, (1998)). "The threshold question is 'whether the behavior of the governmental officer is so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience.' " *Id.* (*quoting Sacramento*, 523 U.S. at 848 n. 8).

Here, Plaintiffs allege that a male deputy who witnessed a visual body cavity search commented that "he found them attractive and did not have a girlfriend." (FAC ¶ 29). This statement is not sufficiently egregious or outrageous to meet the "shocks the conscience test." Therefore, this claim must be dismissed.

### D.    PLAINTIFFS' *MONELL* CLAIM LACKS MERIT

Plaintiffs' Third cause of action alleging municipal liability should be dismissed. A governmental entity cannot be held solely liable because it employs a tortfeasor, and Plaintiffs cannot use the theory of respondeat superior to hold a municipality liable under 42 U.S.C. Section 1983. *Guillory v. County of Orange*, 731 F.2d 1379 (9th Cir. 1984). Under *Monell*, a municipality may be liable when a policy causes an employee to violate another's constitutional right. *Monell* liability does not apply here because as discussed above, Defendants have not violated any constitutional rights. Therefore, the Court should dismiss this cause of action without leave to amend.

Assuming this Court finds that Plaintiffs have sufficiently alleged a *Monell* claim, it must nonetheless strike the portions of this cause of action that state the City and Individual Defendants "ratified the unreasonable and unnecessary cross gender visual body searches of its female detainees on at least two occasions." (FAC ¶ 53.) Federal Rule of Civil Procedure 12(f) generally provides that if a portion of a complaint is substantively defective on the face of the complaint, it can be challenged by a motion to strike. The motion to strike may be used to strike out improper matter inserted in a pleading. *Wilkerson v. Butler,* 229 F.R.D. 166, 170-171 (E.D. Cal. 2005). Striking portions of this claim is proper.

First, Plaintiffs' allegation mischaracterizes the violation for which they seek redress. As stated above, the FAC, in substance, complains of cross gender observation of visual body cavity searches, not "cross gender visual body searches" as Paragraph 53 provides. Second, to the extent this

ratification claim pertains to Defendants' failure to discipline based on this alleged violation, Plaintiffs cannot establish *Monell* liability as a matter of law. *Santiago v. Fenton*, 891 F.2d 373, 382 (1st Cir. 1989) (failure of a police department to discipline in a specific instance is not an adequate basis for municipal liability). That the City or Individual Defendants failed to discipline unnamed deputies for an incident does not establish that policymakers "made a deliberate choice to endorse" their actions. *See Gilette v. Delmore,* 979 F.2d 1342, 1348 (9th Cir. 1992). As such, this portion of the Third Cause of Action must be stricken.

### E.   THE INDIVIDUAL DEFENDANTS ARE ENTITLED TO QUALIFIED IMMUNITY AS TO PLAINTIFFS' FEDERAL CLAIMS

All government employees, including Defendants Hennessey, Miyamoto, and Fisher are entitled to qualified immunity for federal claims unless "existing precedent [has] placed the statutory or constitutional question beyond debate." *Ashcroft v. Al-Kidd*, 563 U.S. 731, 741 (2011); *see also Pearson v. Callahan*, 555 U.S. 223, 231 (2009). "Qualified immunity shields an officer from suit when she makes a decision that, even if constitutionally deficient, reasonably misapprehends the law governing the circumstances she confronted." *Brosseau v. Haugen*, 543 U.S. 194, 198 (2004).

District courts in the Ninth Circuit traditionally evaluate a defendant's qualified immunity defense using a two-step inquiry based on *Saucier v. Katz,* 533 U.S. 194 (2001). *See Ramirez v. City of Buena Park*, 560 F.3d 1012, 1020 (9th Cir. 2009). Although *Saucier*'s two-step inquiry is no longer "an inflexible requirement," generally, under the first step of *Saucier*, the issue is whether on the undisputed facts, the officers violated a constitutional right. *Pearson*, 555 U.S. at 231. Under the second step of *Saucier*, the issue is whether that right was "clearly established" in the specific factual context confronting the officers. *Saucier, supra* 533 U.S. at 202. Thus, even if any of the Individual Defendants violated federal law, the Court must consider whether the law was clearly established as it applied to their situation. "If an official could reasonably have believed her actions were legal in light of clearly established law and the information she possessed at the time, she is protected by qualified immunity." *Franklin v. Fox*, 312 F.3d 423, 437 (9th Cir. 2002) (citing *Saucier*). The Supreme Court has repeatedly, and recently, "reiterated[d] the longstanding principle that 'clearly established law' should not be defined 'at a high level of generality.' " *White v. Pauly,* 137 S. Ct. 548, 552 (2017). "Except in the rare case of an 'obvious' instance of constitutional misconduct…[p]laintiffs must

'identify a case where an officer acting under similar circumstances as defendants was held to have violated the Fourth Amendment.' " *Sharp v. County of Orange,* 871 F.3d 901, 911 (9th Cir. 2017). Assuming, *arguendo*, that the Court finds Plaintiffs have pled sufficient facts to withstand dismissal of their claims on the merits, the qualified immunity doctrine nonetheless applies.

**1.     Qualified Immunity Applies to Plaintiffs' Claim Regarding Conditions of Confinement.**

Plaintiffs fail to allege that any City Defendants violated a constitutional right "beyond debate" as to this claim.  The Supreme Court has not addressed the issue of a right to outdoor exercise directly but has alluded in *dicta* to the fact that a denial of outdoor exercise for inmates might violate the Eighth Amendment.  *Wilson*, *supra,* 501 U.S. at 305.  Furthermore, there is no clear and binding precedent in the Ninth Circuit which establishes the right of pretrial detainees to outdoor exercise. *Shorter*, *supra,* 895 F.3d at 1185; *Pierce*, 526 F.3d at 1190 (9th Cir. 2008); *Rutherford*, 710 F.2d at 579.  There is also no clear and binding precedent which establishes that the denial of outdoor exercise for inmates in custody less than four years violates the Constitution.  *See Spain v. Procunier*, 600 F.2d 189, 199 (9th Cir. 1979); *Norwood v. Vance,* 591 F.3d 1062, 1068 (9th Cir. 2010); *Wright v. Rushen,* 642 F.2d 1129 (9th Cir. 1981); *Allen v. Sakai*, 48 F.3d 1082 (9th Cir. 1994).  At most, these cases show the courts' acknowledgement of the importance of outdoor recreation, but not a constitutional entitlement to such recreation that would have been clear to a reasonable officer at the time of the violations alleged here under the standard set forth in *Saucier.*  Furthermore, there is no case law in which a court has found that lack of outdoor exercise is unconstitutional when exercise is offered in other ways.  *Shorter, supra*, 895 F.3d at 1185.  Accordingly, the City Defendants are entitled to qualified immunity.

**2.     Qualified Immunity Applies to Visual Body Cavity Searches Conducted In Presence or View of Male Deputies.**

The City Defendants are entitled to qualified immunity for this claim because Plaintiffs have not, and cannot, allege that any City Defendants violated a constitutional right "beyond debate." Although the Ninth Circuit has recognized a right to bodily privacy in prisons, *Grummett* held that the infrequent and restricted observation of male prisoners in various states of undress by female guards, was not "so degrading as to require [judicial] intervention." *Id.* at 495.  Thus, that male SFSD

MPA ISO MTD FIRST AMENDED COMPLAINT                    9                           n:\lit\li2020\200589\01485092.docx
CASE NO. 19-CV-07659-JSW (LB)

deputies could incidentally view as visual body cavity searches were conducted by female deputies on female inmates based on the male deputies' assigned post in the jail does not violate Plaintiffs' constitutional rights.  Furthermore, it is not clearly established whether a constitutional violation exists in a situation where male deputies were simply permitted to watch as visual body cavity searches were conducted.  The City Defendants could have reasonably believed that their conduct was lawful.  As such, qualified immunity shields the City Defendants from liability.

**F.  THE PLRA BARS PLAINTIFFS' EMOTIONAL AND MENTAL SUFFERING CLAIMS THAT LACK A SHOWING OF PHYSICAL INJURY**

The Court should dismiss Plaintiffs' claims to the extent they seek recovery only for emotional distress.  The Prison Litigation Reform Act (PLRA) states: "No Federal civil action may be brought by a prisoner confined in a jail, prison or other correctional facility for mental or emotional injury suffered while in custody without a prior showing of physical injury."  42 U.S.C. § 1997e(e).  The purpose of the PLRA was to curtail frivolous prisoner litigation.  *Harris v. Garner,* 216 F.3d 970, 977 (11th Cir. 2000); *Dawes v. Walker,* 239 F.3d, 489, 495 (2d Cir. 2001).  Failure to allege an appropriate physical injury is ground to dismiss a claim for damages.  *See Zehner v. Trigg*, 952 F. Supp. 1318, 1321–35 (S.D. Ind. 1997) (dismissing action for damages because no plaintiff developed physical injury by exposure to asbestos while in prison), *aff'd*, 133 F.3d 459 (7th Cir. 1997).  The qualifying physical injury need not be significant, but it must be more than de minimis.  *Oliver v. Keller*, 289 F.3d 623, 627–29 (9th Cir. 2002).  Physical symptoms that are not sufficiently distinct from a plaintiff's allegations of emotional distress do not qualify as a prior showing of physical injury.  *Davis v. District of Columbia*, 158 F.3d 1342, 1349 (D.C. Cir. 1998).

The *Oliver* Court rejected the notion that "any" physical injury meets the de minimis requirement.  *Oliver,* 289 F.3d at 629.  It also specifically found that back pain, leg pain, assault from another prisoner, and a painful canker sore did not meet the requirements that a physical injury occurred.  *Id.*

Here, Plaintiffs broadly allege that they "suffered stress, anxiety, depression and skin coloration."  (FAC ¶ 24).  Ms. Pierce further alleges that she suffered acne and unhealthy weight gain.  (*Id.*)  These alleged "injuries" are insufficient to constitute a physical injury required to overcome the

basic threshold to obtain damages for mental or emotional suffering. *Davis at 1349.* Thus, any claims for emotional distress must be dismissed pursuant to the PLRA.

### G.   PLAINTIFFS' BANE ACT CLAIM MUST BE DISMISSED OR, ALTERNATIVELY, PORTIONS SHOULD BE STRICKEN

Plaintiffs allege a Bane Act claim against Defendants on behalf of themselves and a putative class of similarly situated persons. The basis for Plaintiffs' Bane Act claim are the City's alleged violations pertaining to the denial of outdoor exercise and cross-gender visual body cavity searches. State law immunity shields Defendants from liability under this claim. Alternatively, this Court should strike portions of this cause of action that are improper.

### 1.   State Law Immunity for Injury to a Prisoner Bars Plaintiffs' Bane Act Claim Against the City.

California Government Code Section 844.6, which grants public entities immunity for injuries to prisoners, bars Plaintiffs' Bane Act claim against the City. Cal. Gov. Code § 844.6(a)(2). The definition of "prisoner" is broad enough to include both those previously convicted and those housed as pre-trial detainees. Cal. Gov. Code § 844; *see also Sahley v. County of San Diego*, 69 Cal. App. 3d 347, 349 (1977) (holding "preconviction detainee awaiting trial" who had been "booked and arraigned" was a "'prisoner' for purposes of governmental immunity").

Plaintiff Pierce was, and Plaintiffs Wade and Bell are currently pre-trial detainees, and the class they purport to represent are all prisoners within the meaning of the Government Code during the time of the events alleged in the FAC. Therefore, Plaintiffs' only state law cause of action against the City should be dismissed without leave to amend.

### 2.   The Good Faith Immunity Bars Plaintiffs' State Law Claims Against the Individual Defendants.

California Government Code Section 820.6 states "[i]f a public employee acts in good faith, without malice, and under the apparent authority of an enactment that is unconstitutional, invalid or inapplicable, he is not liable for an injury caused thereby." Under section 820.6, 'good faith' reflects a subjective intention to act under the authority of the governing enactment, and to enforce or comply with those rules." *O'Toole v. Superior Court*, 140 Cal. App. 4th 488, 505 (2006). Pursuant to Section 844.6, Plaintiffs' Bane Act claim against the City Defendants must be dismissed.

Under the Fourth Cause of Action, Plaintiffs allege denial of outdoor exercise and recreation and unwarranted cross gender visual body cavity searches as bases for a Bane Act claim. The FAC, however, fails to allege any facts showing malicious intent by the City Defendants. Plaintiffs cannot amend the FAC to avoid this pleading deficiency. As explained above, no constitutional violations occurred, and even if there is a question of fact about whether a constitutional violation occurred, the alleged constitutional violations were not clearly established. The City Defendants' belief that their conduct, even if negligent, did not violate Plaintiffs' civil rights renders them immune. *O'Toole,* 140 Cal. App. 4th at 503. Accordingly, the Court must dismiss Plaintiffs' sole state law claim against the City Defendants without leave to amend.

**3. This Court Should Strike Portions of This Cause of Action That Are Improper.**

Plaintiffs' Bane Act claim contains improper matter that must be stricken pursuant to Fed. R. Civ. Proc. 12(f). Specifically, Plaintiffs Wade and Bell are improper parties to this claim. Additionally, Plaintiffs' claims pertaining to denial of outdoor recreation must be stricken.

**a. Plaintiff Wade and Bell Must Be Stricken From This Cause of Action.**

The California Government Claims Act ("Claims Act") authorizes limited governmental liability for injuries suffered as a result of the acts or omissions of public entities or their employees. *See* Cal. Gov. Code § 810 et seq. It requires a plaintiff to present a proper written claim to the public entity allegedly responsible for his or her damage before initiating suit on the cause of action. Cal. Gov. Code §§ 945.6, 905.2, 915(b); *Mazzola v. Feinstein*, 154 Cal. App. 3d 305 (1984). Under the Claims Act, any claims for personal injury against the City must be brought "not later than six months after the accrual of the cause of action." Gov. Code § 911.2.

Compliance with the Claims Act's claim presentation procedure is an element of a cause of action for damages against a public entity. Consequently, failure to allege facts demonstrating or excusing compliance with the claim presentation requirement subjects a complaint to a dismissal. *State of California v. Superior Court (Bodde)*, 32 Cal. 4th 1234, 1237, 1239-1245 (2004). The policy underlying the claims presentation requirements is to afford prompt notice to public entities. This

MPA ISO MTD FIRST AMENDED COMPLAINT
CASE NO. 19-CV-07659-JSW (LB)

12

n:\lit\li2020\200589\01485092.docx

permits early investigation and evaluation of the claim without the expense of litigation. *See City of San Jose v. Superior Court*, 12 Cal. 3d 447, 452 (1974).

The FAC provides that only Plaintiff Pierce presented proper and timely tort claims pursuant to the Claims Act. (FAC ¶ 19). Conversely, it does not state that Plaintiffs Wade and Bell submitted similar claims. Plaintiffs Wade and Bell's failure to allege compliance with the Claims Act on the face of the FAC warrants their removal under this cause of action.

### b. Plaintiffs' Allegations Under this Claim That Pertain to Denial of Outdoor Recreation Are Improper.

This Court should also strike any allegations under this cause of action that pertain to Plaintiffs' claim for denial of outdoor recreation.[3] Plaintiff Pierce submitted a claim that states "I did 13 months in county jail 2. I put in over 15 grievances about not receiving my 3 hours of recreation time inmates are supposed to receive per title 15 section 1065 and it was never corrected."[4] Without converting this motion to a motion for summary judgment, the Court may take judicial notice of adjudicative facts, including records incorporated by reference in the complaint. Fed. R. Evid. 201(2). *See Pac. States Enterprises, Inc. v. City of Coachella,* 13 Cal. App. 4th 1414, 1426 n.8 (1993) ("Where a written instrument is unambiguous and incorporated by reference into a complaint, any allegations in the pleading inconsistent with the incorporated writing may be stricken") (quoting *Nichols v. Canoga Indus.,* 83 Cal. App. 3d 956, 965 (1978)). Nowhere in Plaintiff Pierce's governmental claim does she complain about lack of outdoor recreation, only that she was denied three hours of recreation time. Plaintiff Pierce's failure to include an allegation of denial of outdoor recreation in her government claim precludes her from asserting it in the FAC and requires that Paragraph 57 be stricken.

Furthermore, any class-based allegations that Plaintiffs assert related to Paragraph 57 should be stricken. Class actions are not exempt from the claims presentation requirements of the Claims Act. In order to comply with the requirements, the representative plaintiff in a class action must present a

---

[3] Paragraph 57 of the FAC generally states that Defendants violated their rights under the Bane Act "by denying detainees the right to outdoor recreation under the United States Constitution, and California Constitution, Article 1, Sections 7, 13, and 17, respectively." (FAC ¶ 57).

[4] A true and correct copy of Plaintiff's Government Claim is attached as Exhibit A to Defendants' Request for Judicial Notice. As set forth in that Request for Judicial Notice, the Court may take judicial notice of the filing and contents of a government claim. *Gong v. City of Rosemead,* 226 Cal. App. 4th 363, 368 n.1 (2014).

timely claim on behalf of the class that includes the name, address, and other specified information concerning the representative plaintiff and sufficient information to identify and make ascertainable the class itself. *City of San Jose, supra*, 12 Cal. 3d at 457 (emphasis added); *see also Eaton v. Ventura Port Dist.*, 45 Cal. App. 3d 862, 866-67 (1975).

Not only did Plaintiff Pierce's claim fail to allege that she was denied access to *outdoor* recreation, it also did not identify or provide any information regarding a putative class of claimants as to that issue. Plaintiff Pierce's failure to include the putative class in her government claim is fatal to the class-based allegations Plaintiffs purport to assert under this cause of action. S*ee California Restaurant Management Systems v. City of San Diego*, 195 Cal. App. 4th 1581 (2011). This is because, in essence, no tort claim has been presented at all with respect to the class claims. *Id.* As such, Plaintiffs have not properly satisfied the jurisdictional prerequisite to asserting a class-based Bane Act claim for denial of outdoor recreation against the City Defendants.

c.    **Amendment of Plaintiff Pierce's Government Claim is Futile.**

Any amendment to Plaintiff Pierce's government claim would be futile. The California Legislature has provided numerous ways to obtain relief from the Claim Act's claim presentation requirement but Plaintiff Pierce does not allege that she sought relief. *See, Bodde, supra*, 32 Cal. 4th at p. 1245. If a plaintiff fails to file the claim within the six-month period, a plaintiff may file a written application to the public entity for leave to present a late claim. Cal. Gov. Code, § 911.4, subd. (a). A plaintiff's request to present a late claim must be filed "within a reasonable time not to exceed one year after the accrual of the cause of action and shall state the reason for the delay in presenting the claim." Cal. Gov. Code, § 911.4, subd. (b). If the public entity denies the application for leave to file a late claim, the plaintiff may then petition the superior court for relief from the claims requirement. Cal. Gov. Code, § 946.6, subd. (a); *Ard v. County of Contra Costa*, 93 Cal. App. 4th 339, 343 (2001).

The petition must be filed within six months after the plaintiff's application to file a late claim has been denied. Cal. Gov. Code, §946.6, subd. (b). Courts, however, lacks jurisdiction to grant relief if the application is filed more than one year after the cause of action accrued. Cal. Gov. Code, § 911.4, subd. (b); *Munoz v. State of California*, 33 Cal. App. 4th 1767, 1779 (1995). In fact, it has been well-established that filing a late-claim application within one year after the accrual of a cause of

action is a jurisdictional prerequisite to a claim-relief petition. *Munoz,* 33 Cal. App. 4th at 1779; *Santee v. Santa Clara County Office of Education*, 220 Cal. App. 3d 702, 713 (1990).

In this case, Plaintiff Pierce's claim form identified an incident date of July 30, 2019.  (RJN, Ex. A).  Assuming Plaintiff Pierce desired to amend her claim to include allegations relating to class-based denial of outdoor recreation, she was required to file a claim, or seek relief from the claims filing requirement, no later than July 30, 2020.  Plaintiff Pierce has not alleged that she did so nor can she comply now.  This Court should therefore strike Paragraph 57 of the FAC and any related class-based claims without leave to amend.

**CONCLUSION**

For the foregoing reasons, Defendants respectfully request that this Court grant its Motion to Dismiss Plaintiffs' FAC without leave to amend

Dated:  October 9, 2020

DENNIS J. HERRERA
City Attorney
MEREDITH B. OSBORN
Chief Trial Deputy
RAYMOND R. ROLLAN
Deputy City Attorney

By: */s/ Raymond R. Rollan*
RAYMOND R. ROLLAN

Attorneys for Defendant
CITY AND COUNTY OF SAN FRANCISCO,
SAN FRANCISCO SHERIFF'S DEPARTMENT,
VICKI HENNESSY, SHERIFF PAUL MIYAMOTO
AND MICHELE FISHER