DENNIS J. HERRERA, State Bar #139669
City Attorney
MEREDITH B. OSBORN, State Bar #250467
Chief Trial Deputy
RAYMOND R. ROLLAN, State Bar #304548
Deputy City Attorney
Fox Plaza
1390 Market Street, Sixth Floor
San Francisco, California 94102-5408
Telephone:      (415) 554-3888
Facsimile:      (415) 554-3837
E-Mail:         raymond.rollan@sfcityatty.org


Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO,
SAN FRANCISCO SHERIFF'S DEPARTMENT, VICKI
HENNESSY, SHERIFF PAUL MIYAMOTO
AND MICHELE FISHER

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JILLIAN PIERCE, NICOLE WADE, VINCENT KEITH BELL, on behalf of herself and all others similarly situated,<br><br>　　　Plaintiff,<br><br>　　　vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO, Then-San Francisco Sheriff's Department Sheriff VICKI HENNESSY, San Francisco Sheriff's Department Chief Deputy MICHELLE FISHER, San Francisco Sherriff's Department Sheriff Paul Miyamoto and County of San Francisco employees DOES 1-50, Jointly and Severally,<br><br>　　　Defendants. | Case No. 19-CV-07659-JSW (LB)<br><br>**REPLY IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT BY DEFENDANTS [DKT. #45]**<br><br>Hearing Date:　January 8, 2021<br>Time:　　　　9:00 a.m.<br>Place:　　　　Courtroom 5, 2nd Floor<br>　　　　　　　1301 Clay Street<br>　　　　　　　Oakland, CA 94612 |

REPLY ISO DEFENDANTS MTD FAC
CASE NO. 19-CV-07659-JSW (LB)

n:\lit\li2020\200589\01492098.docx

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ............................................................................................................. ii

MEMORANDUM OF POINTS AND AUTHORITIES .................................................................. 1

    I.     INTRODUCTION ................................................................................................ 1

    II.    PLAINTIFFS' COMPLAINT FAILS TO STATE SUFFICIENT FACTS TO IMPOSE INDIVIDUAL OR SUPERVISORY LIABILITY ................................... 1

    III.   QUALIFIED IMMUNITY REMAINS APPLICABLE ......................................... 3

        A.     Individual Defendants Are Entitled To Qualified Immunity on Plaintiffs' Claim Regarding Denial of Outdoor Recreation ......................................... 3

        B.     Individual Defendants Are Entitled To Qualified Immunity on Plaintiffs' Claim Regarding Cross Gender Observation of Visual Body Cavity Searches ................................................................................................... 5

    IV.   PLAINTIFFS HAVE FAILED TO ALLEGE A *MONELL* CLAIM ...................... 8

    V.    PLAINTIFFS' ALLEGED INJURIES DO NOT SATISFY THE "PHYSICAL INJURY" REQUIRED TO BE SHOWN BY THE PLRA .................................... 10

    VI.   PLAINTIFFS DO NOT OVERCOME DEFENDANTS' ARGUMENTS REGARDING DISMISSAL OF THEIR BANE ACT CLAIM ............................ 10

        A.     Cal. Govt. Code § 844.6 Immunizes Defendants From Liability For Plaintiffs' Bane Act Claim. ......................................................................... 11

        B.     Good Faith Immunity Shields Individual Defendants From Liability. ...... 11

        C.     Plaintiffs' Unsuccessfully Oppose Defendants' Request that Portions of the FAC Be Stricken. ................................................................................ 12

    VII.  CONCLUSION ................................................................................................. 15

## TABLE OF AUTHORITIES

**State Cases**

*Blair v. Sup. Court*
218 Cal.App.3d 221 (1990) ...............................................................................................13, 14

*California Restaurant Management Systems v. City of San Diego*
195 Cal.App.4th 1581 (2011) ...................................................................................................15

*Munoz v. State of California*
33 Cal.App.4th 1767 (1995) .....................................................................................................15

*Nelson v. State of California*
139 Cal.App.3d 72 (1982) ........................................................................................................14

*Santee v. Santa Clara Office of* Education
220 Cal.App.3d 702 (1990) ......................................................................................................15

*Stockett v. Association of Cal. Water Agencies Joint Powers Ins. Authority*
34 Cal.4th 441 (2004) ...............................................................................................................14

**State Statutes & Codes**

California Government Code
Section 820.6 ....................................................................................................................10, 11, 12

California Government Code
Section 844.6 ..........................................................................................................................10, 11

Calfornia Government Code
Section 910…………………………………………………………………………………………..15

California Government Code
Section 911.4(b)........................................................................................................................15

**Federal Cases**

*Allen v. Sakai*
48 F.3d 1082 (9th Cir. 1992) ......................................................................................................4

*Ashcroft v. al-Kidd*
563 U.S. 731 (2011)......................................................................................................................3

*Ashcroft v. Iqbal*
556 U.S. 662 (2009)......................................................................................................................3

*Bd. of Cnty. Comm'rs v. Brown*
520 U.S. 397 (1997)......................................................................................................................8

*Bell Atl. Corp. v. Twombly*
550 U.S. 544 (2007)......................................................................................................................3

*Byrd v. Maricopa Cty. Sheriff's Dep't*
  629 F.3d 1135 (9th Cir. 2011) .............................................................................................5, 6

*County of Sacramento v. Lewis*
  523 U.S. 833 (1998)...............................................................................................................8

*Flores v. Morgan Hill Unified Sch. Dist.*
  324 F.3d 1130 (9th Cir. 2003) ..............................................................................................3

*Garcia v. City of Los Angeles*
  No. CV 19-06182-DSF-PLA, 2020 WL 2129830 (C.D. Cal. Feb. 15, 2020) .....................11, 12

*Gilette v. Delmore*
  979 F.2d 1342 (9th Cir. 1992) ..............................................................................................9

*Grummet v. Rushen*
  779 F.2d 491 (9th Cir. 1985) ......................................................................................5, 6, 7, 8

*Henry A. v. Willden*
  678 F.3d 991 (9th Cir. 2012) ................................................................................................2

*Hurd v. Terhune*
  8. F.App'x 676 (9th Cir. 2001) ...........................................................................................11

*In re TFT–LCD (Flat Panel) Antitrust Litig.*
  586 F.Supp.2d 1109 (N.D. Cal. 2008) .................................................................................10

*Jenkins v. County of Riverside*
  398 F.3d 1093 (9th Cir. 2005) ..............................................................................................9

*Keates v. Koile*
  883 F.3d 1228 (9th Cir. 2018) ..............................................................................................3

*Lee v. Retail Store Employee Bldg. Corp.*
  2017 WL 346021, at *20 (N.D. Cal. Jan. 24, 2017) ............................................................11

*Michenfelder v. Sumner*
  860 F.2d 328 (9th Cir. 1988) .............................................................................................6, 7

*Monell v. Dep't of Soc. Servs.*
  436 U.S. 658 (1978)...............................................................................................................8

*Oliver v. Keller*
  289 F.3d 623 (9th Cir. 2002) ...............................................................................................10

*Pierce v. County of Orange*
  526 F.3d 1190 (9th Cir. 2008) ..............................................................................................4

*Qureshi v. Countrywide Home Loans, Inc.*
  No. 09–4198 SBA, 2010 WL 841669, at *6 & n. 2 (N.D. Cal. Mar. 10, 2010)........9, 11, 12, 13

*Robinson v. York*
    566 F.3d 817 (9th Cir.2009) ...................................................................................................3

*Rutherford v. Pitchess*
    710 F.2d 572 (9th Cir. 1983) ..............................................................................................4, 5

*Santiago v. Fenton*
    891 F.2d 373 (1st Cir. 1989)..................................................................................................9

*Shorter v. Baca*
    895 F.3d 1176 (9th Cir. 2018) ...............................................................................................5

*Silva v. U.S. Bancorp*
    No. 5:10–cv–1854, 2011 WL 7096576, at *3 (C.D. Cal. Oct. 6, 2011) ...................................9

*Smith v. Harrington*
    No. C 12-03533 LB, 2013 WL 132465, at *7 (N.D. Cal. Jan. 9, 2013) ...................................3

*Somers v. Thurman*
    109 F.3d 614 (9th Cir. 1997) .................................................................................................5

*Spain v. Procunier*
    600 F.2d 189 (9th Cir. 1979) ..............................................................................................3, 4

*Starr v. Baca*
    652 F.3d 1202 (2011).............................................................................................................2

*Toussant v. Yockey*
    722 F.2d 1490 (9th Cir. 1984) ...............................................................................................4

*Vazquez v. Cty of Kern*
    949 F.3d 1153 (9th. Cir. 2020) ..........................................................................................7, 8

*Walsh v. Nev. Dep't of Human Res.*
    471 F.3d 1033 (9th Cir. 2006) .............................................................................................10

*Whittington v. California Dep't of Corr. & Rehab.*
    2010 WL 761314, at 2 (N.D. Cal. Mar 3, 2010)......................................................................6

*Woods v. Aug.*
    No. 3:15-CV-05666-WHO, 2018 WL 5841311 (N.D. Cal. Nov. 8, 2018) ..............................12

*Woods v. City & Cty. of San Francisco*
    No. 3:15-CV-05666-WHO, 2018 WL 4896766, at *1 (N.D. Cal. Oct. 9, 2018) ......................12

*York v. Story*
    324 F.2d 450 (9th Cir. 1993) .................................................................................................6

**Federal Statutes**
42 United States Code
    Section 1983 ......................................................................................................................1, 2

**Rules**

Federal Rules of Civil Procedure
 Rule 8...................................................................................................................................9

Federal Rules of Civil Procedure
 Rule 8(d)..............................................................................................................................9

Federal Rules of Civil Procedure
 Rule 12(f)……………………………………………………………………..9, 12

**Constitutional Provisions**

United States Constitution
 Fourteenth Amendment ......................................................................................................6, 8

United States Constitution
 Fourth Amendment.............................................................................................................5, 6

City Defendants respectfully submit this Reply Brief to Plaintiffs' Opposition to the City Defendants' Motion to Dismiss Plaintiffs' First Amended Complaint (FAC).

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

Plaintiffs' Opposition fails to overcome the deficiencies identified in the FAC.  First, Plaintiffs have not sufficiently alleged facts to establish that then-Sheriff Hennessy, Sheriff Miyamoto, and Chief Deputy Fisher ("Individual Defendants") are liable in their individual capacities.  Second, Plaintiffs cannot show that the right of pretrial detainees to outdoor recreation is clearly established.  Third, Plaintiffs cannot establish that the cross gender viewing of visual body cavity searches, without physical contact violates the constitution.  Fourth, Plaintiffs have failed to allege facts sufficient to establish *Monell* liability.  Finally, Plaintiffs cannot refute Defendants' challenge to their Bane Act Claim.  For all these reasons, Plaintiffs' FAC must be dismissed.

### II.   PLAINTIFFS' COMPLAINT FAILS TO STATE SUFFICIENT FACTS TO IMPOSE INDIVIDUAL OR SUPERVISORY LIABILITY

City Defendants moved to dismiss the Individual Defendants from the FAC because there are no facts plead that the individuals, sued in their individual capacities, knew that the jail conditions at County Jail 2 ("CJ No. 2") rose to the level of constitutional violations. In their Opposition, Plaintiffs argue that the FAC sufficiently alleges facts to support § 1983 supervisory liability against the Individual Defendants.  Plaintiffs are incorrect.

Plaintiffs generally allege that then-Sheriff Hennessy had "ultimate responsibility for the policies and training of all San Francisco County Jails" and that Chief Deputy Fisher "enforced policies and training as to County Jail # 2."  (Pls.' Opp. to Defendants' Mot. to Dismiss, ("Pls.' Opp.") at p. 4.)  As to the claim regarding cross gender visual searches, Plaintiffs contend that the FAC alleges that "many women grieved the incidents and an investigation was conducted following the searches, but that nothing came of the investigation and nothing was reported to them regarding the outcome of the investigation."  (Pls. Opp. at p 4.)  They then argue that then-Sheriff Hennessy and Chief Deputy Fisher "are supervisors liable for their failure to train, supervise and/or control sheriff's deputies who subjected Ms. Pierce, Ms. Wade, and other women pretrial detainees and prisoners to

unclothed body cavity searches in the presence of male deputies." (Pls.' Opp. at p. 4.)  In regards to the claim relating to outdoor recreation, Plaintiffs allege supervisory liability against the Individual Defendants for "failure to furnish outdoor recreation opportunities" which they allege "is pursuant to a policy, practice or custom such that the Sheriff's department pays a monthly fine for its failure to provide outdoor recreation opportunities to pretrial detainees and prisoners in their jail." (Pls. Opp at p. 8.)  None of these allegations are sufficient to establish supervisory liability.

In *Henry A. v. Willden*, 678 F.3d 991, 1004 (9th Cir. 2012), the case Plaintiffs rely on for their argument, the Ninth Circuit found that allegations of a similar level of detail were insufficient to support a supervisory liability claim under § 1983.  The Ninth Circuit explained:

> After thoroughly examining the plaintiffs' complaint, we agree that there are few specific allegations against the State defendants. Most of the allegations in the complaint simply reference "Defendants," without specifying whether the conduct at issue was committed by the named State officials, County officials, or the "John Doe" supervisors or caseworkers. For many of the detailed factual allegations, such as the failure to respond to a particular report of abuse or authorize a particular medical procedure, it is implausible to suggest that Willden or Comeaux personally committed the alleged violation. The allegations that do expressly reference the State defendants are too general to state a claim for supervisory liability. In *Starr v. Baca*, the plaintiff alleged that Sheriff Baca himself had been given clear notice by the Department of Justice of the specific unconstitutional conditions in the jails; that the Sheriff received numerous reports documenting inmate violence caused by the unconstitutional conduct of his deputies; and that the Sheriff ultimately acquiesced in these constitutional violations. *See* 652 F.3d at 1208–10.

> In contrast, the allegations here claim that the agencies directed by Willden and Comeaux have oversight responsibility for Clark County's foster care system and are required to ensure that Clark County is complying with state and federal law. The complaint also alleges that all of the defendants had knowledge of independent reports documenting the systemic failures of foster care in Nevada. But it does not allege that Willden or Comeaux had any personal knowledge of the specific constitutional violations that led to Plaintiffs' injuries, or that they had any direct responsibility to train or supervise the caseworkers employed by Clark County.

*Id.* Similarly, the FAC does not allege that the Individual Defendants were directly involved in the allegedly unconstitutional conduct or that they had knowledge of the constitutional violations and acquiesced in them. Under *Henry A.*, statements that the Individual Defendants were "ultimately

REPLY ISO DEFENDANTS MTD FAC                    2                    n:\lit\li2020\200589\01492098.docx
CASE NO. 19-CV-07659-JSW (LB)

responsible for training," "enforced policies," "are supervisors liable for failure to train, supervise, or control" are too general to state a claim for supervisory liability.  Furthermore, Plaintiff's allegation that the department pays a fine in relation to its failure to provide outdoor recreation, does not establish supervisory liability, because the FAC nonetheless fails to allege that the Individual Defendants had any personal knowledge of that specific constitutional violation.  These allegations are conclusory and should not be entertained.  A court is "not bound to accept as true a legal conclusion couched as a factual allegation," *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007), or "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.*

Because the FAC contains few factual allegations showing the Individual Defendants' personal involvement in the constitutional violations or a sufficient causal connection between their wrongful conduct and the constitutional violation, claims against the Individual Defendants in their individual capacities must be dismissed.  (*See Smith v. Harrington*, No. C 12-03533 LB, 2013 WL 132465, at *7 (N.D. Cal. Jan. 9, 2013); *See Keates v. Koile*, 883 F.3d 1228, 1234 (9th Cir. 2018)).

## III.    QUALIFIED IMMUNITY REMAINS APPLICABLE

For the purposes of the qualified immunity analysis, Plaintiffs "bear the burden of proving that the rights [they] claim were 'clearly established' at the time of the alleged violation." *Robinson v. York*, 566 F.3d 817, 826 (9th Cir.2009) (internal quotation marks and citation omitted).  Plaintiffs need not identify "a case directly on point, but existing precedent must have placed the statutory or constitutional question beyond debate." *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011).  A court evaluating a claim of qualified immunity must "determine whether the preexisting law provided the defendants with 'fair warning' that their conduct was unlawful." *Flores v. Morgan Hill Unified Sch. Dist.*, 324 F.3d 1130, 1137 (9th Cir. 2003). Plaintiffs have failed to meet their burden, and the Court should grant the City Defendants' motion on the grounds that the Individual Defendants are entitled to qualified immunity.

### A.    Individual Defendants Are Entitled To Qualified Immunity on Plaintiffs' Claim Regarding Denial of Outdoor Recreation

In their Opposition, Plaintiffs argue that the constitutional right to outdoor recreation to pretrial detainees has been clearly established in the Ninth Circuit since its ruling in *Spain v. Procunier*, 600 F.2d 189 (9th Cir. 1979).  Plaintiffs' reliance on *Spain* is misplaced.

In *Spain,* the Ninth Circuit addressed the lack of outdoor exercise for inmates in an adjustment center ("AC") – inmates who were confined because they had disciplinary problems or were disruptive. *Id.* at 192. The court affirmed the district court's order requiring that all inmates who had been confined in the AC for four years or more be allowed to exercise outdoors for one hour a day, five days a week. *Id.* The Ninth Circuit in *Spain* avoided a blanket pronouncement that the Constitution requires outdoor exercise when other circumstances of confinement allow alternatives for ensuring the health of inmates. *Spain*, 600 F.3d at 199 ("we do not consider it necessary to decide whether deprivation of outdoor exercise is a per se violation of the eighth amendment.") In so holding, the court explained that the district court had found that "several factors combined to make outdoor exercise a necessity." *Id.* at 199. It found that the AC inmates were in "continuous segregation, spending virtually 24 hours every day in their cells with only meager out-of-cell movements and corridor exercise" and with "minimal" contact with other inmates. *Id.* at 199-200.

The facts in *Spain* are materially different than the case at hand. In *Spain,* the facts evaluated were that the adjustment center ("AC") inmates were "never permitted any outdoor exercise or recreation" and that the inmates were assigned to "AC" for a period of years. *Id.* Here, there are no allegations that inmates at CJ No. 2 are denied any opportunities for recreation for a period of years. Additionally, the FAC does not allege that Plaintiffs are confined in their cells all day with only minimal out of cell movement. Because of the factual differences between this case and *Spain*, *Spain* cannot provide the clear constitutional authority that would be required to support Plaintiffs' claim.

Furthermore, Plaintiffs' Opposition fails to provide and identify any cases which establish that the right of pretrial detainees to outdoor exercise is clearly established.[1] Contrary to Plaintiffs' assertion, the City Defendants citation to *Rutherford v. Pitchess*, 710 F.2d 572 (9th Cir. 1983) and *Pierce v. County of Orange*, 526 F.3d 1190 (9th Cir. 2008) are not inapposite. These two cases

---

[1] Plaintiffs' brief references to *Toussant v. Yockey*, 722 F.2d 1490 (9th Cir. 1984) and *Allen v. Sakai*, 48 F.3d 1082 (9th Cir. 1992) are improper as they regard rights of convicted prisoners. In *Toussant*, Ninth Circuit upheld a preliminary injunction requiring outdoor exercise for inmates because they were confined to their cells for 23 1/2 hours per day while in administrative segregation and because over 1,000 inmates had been confined to these conditions of administrative segregation for over a year. *Id.* at 1492-93. In *Allen*, the court found that even though the goal was to provide the plaintiff with five hours of outdoor exercise per week, he received only 45 minutes of outdoor exercise in a six-week period and was confined to his cell for almost 24 hours a day. *Id.* at 1087.

REPLY ISO DEFENDANTS MTD FAC                                  4                              n:\lit\li2020\200589\01492098.docx
CASE NO. 19-CV-07659-JSW (LB)

illustrate how the Ninth Circuit has recognized a pretrial detainees' right to indoor exercise (*Pierce*) and right to access to sunlight through clear windows (*Rutherford*), but not a right to outdoor exercise or recreation. Here, Plaintiffs FAC does not allege that the City Defendants deny any opportunities for indoor recreation and access to sunlight to all pretrial detainees housed at CJ No. 2. There is no case law that requires the City Defendants to provide recreation and access to sunlight at the same time.

Additionally, in *Shorter v. Baca*, 895 F.3d 1176 (9th Cir. 2018), the Ninth Circuit held, "we have confirmed, time and time again, that the Constitution requires jail officials to provide outdoor recreation opportunities, *or otherwise meaningful recreation*, to prison inmates." *Id.* at 1185 (emphasis added). Plaintiffs have not and cannot allege that the City Defendants fail to provide any opportunities for meaningful recreation at CJ No. 2. As such, Plaintiffs cannot successfully allege that the City Defendants have violated any constitutional rights. Furthermore, the lack of judicial clarity regarding this claim supports Defendants' argument that a constitutional entitlement for pretrial detainees to outdoor recreation would not have been clear to a reasonable officer at the time of the violations alleged in the FAC. As such, the Individual Defendants are entitled to qualified immunity.

**B.** **Individual Defendants Are Entitled To Qualified Immunity on Plaintiffs' Claim Regarding Cross Gender Observation of Visual Body Cavity Searches**

The Individual Defendants are also entitled to qualified immunity as to this claim because Plaintiffs cannot successfully allege a constitutional violation, and they have also failed to present clearly established law that put the officers on notice that their conduct in this situation was illegal.

Plaintiffs' Opposition fundamentally fails to address well-established case law holding that cross gender observation of visual body cavity strip searches conducted by prison personnel, without physical touching, does not violate the Fourth Amendment.[2] Instead, Plaintiffs incorrectly rely on *Byrd v. Maricopa Cty. Sheriff's Dep't*, 629 F.3d 1135, 1146 (9th Cir. 2011) (en banc.)

---

[2] *See Somers v. Thurman*, 109 F.3d 614, 622 (9th Cir. 1997) (declining to find a Fourth Amendment violation where the inmate was subject to "routine unclothed searches by officials of the opposite sex" and the "viewing of [his] unclothed [body] by officials of the opposite sex"); *Michenfelder v. Sumner*, 860 F.2d 328 (9th Cir. 1988) (finding no Fourth Amendment violation where routine strip search procedures on a male inmate were occasionally conducted in the view of female guards); *Grummet v. Rushen*, 779 F.2d 491, 496 (9th Cir. 1985) (upholding prison's policy of assigning female officers to posts where the female officers could occasionally view male inmates in

In *Byrd*, the Ninth Circuit held that a non-emergency strip search of a male pretrial detainee by a female cadet was unreasonable in violation of the Fourth Amendment.  In *Byrd*, a female cadet conducted a cross gender strip search that involved:

> touch[ing the inmate's] inner and outer thighs, buttocks, and genital area with her latex-gloved hand through very thin boxer shorts. She moved his penis and scrotum in the process of conducting the search. The scope of this intrusion totally thwarted any desire on [the inmate's] part to 'shield [his] unclothed figure from [the] view of strangers ... of the opposite sex ...

*Byrd*, 629 F.3d at 1141 (quoting *York v. Story*, 324 F.2d 450, 455 (9th Cir. 1993).  *Byrd* is unequivocally inapplicable because it regards the cross gender strip search performed by a female cadet on a male inmate – that is not the case here.  In fact, the FAC does not allege that any male SFSD deputies conducted the strip searches of the female inmates, nor did they physically touch the female inmates.  What is at issue is the alleged indirect cross gender viewing of the strip searches.  As such, the allegations in this case more closely mirror those asserted in *Grummett and Michenfelder.*

In *Grummett,* the Ninth Circuit considered an action brought by male inmates who alleged that female officers were viewing them in states of partial or totally nude while dressing, showering, being strip searched, or using the toilet, in violation of their right to privacy.  *Grummett, supra*, 779 F.2d at 492.  The Court examined the following facts: Female officers were not assigned to positions requiring unrestricted and frequent surveillance, but rather were in positions requiring only infrequent and casual observation, or observation from a distance.  *Id.* at 494 (quotation marks omitted). Female officers did not conduct or observe strip or body cavity searches, with the exception of emergency situations, and the pat-down searches they conducted did not include intimate contact with inmates' bodies and were handled professionally.  *Id.* at 495 (quotation marks omitted).  The Ninth Circuit concluded that the inmates had not demonstrated that "restricted observations by members of the opposite sex [were] so degrading as to require intervention by this court," *id.*, ultimately finding no Fourth or Fourteenth Amendment violation, and affirmed the district court's decision granting summary judgment for the prison officials.

---

various states of undress); *Whittington v. California Dep't of Corr. & Rehab.*, 2010 WL 761314, at 2 (N.D. Cal. Mar 3, 2010).

In *Michelfelder,* the Ninth Circuit considered a challenge to frequent, routine, cross gender strip searches on the grounds that they were unreasonable, and that they violated inmates' right to privacy, because they were conducted within the view of female officers. *Michenfelder*, 860 F.2d at 333. The visual body cavity searches at issue in *Michenfelder* took place in the maximum security unit, and were conducted every time an inmate left or returned to the unit. *Id.* at 332. Female officers did not conduct strip searches except in emergencies, and they were not routinely present for the searches, but they were stationed in positions controlling cell doors and monitoring the tiers by a video screen. *Id.* at 330. For those controlling cell doors, the searches were visible through a small window; and in the event that female officers monitoring the tiers violated prison policy and closely watched the searches, they would at most have an "indistinct, limited view" through the video monitors. *Id.* at 330, 334. Ultimately, the Ninth Circuit held that strip searches that involve infrequent or casual observation by members of the opposite sex, or where observation is from a distance, do not unreasonably infringe upon the prisoner's privacy rights, and cited the interest in providing equal employment opportunities to women and the security interest in deploying available staff effectively as valid penological interests. *Id.* at 334.

In the FAC, Plaintiffs allege that male deputies were permitted to watch and did watch as female deputies conducted visual body cavity searches of female inmates in the bathroom stalls. The FAC does not allege that male deputies entered the strip search area or that any observations were sustained and intentional. In Opposition, Plaintiffs argue that the allegation that a male deputy who witnessed a search and commented on the women's attractiveness establishes that the viewing of the search was "prolonged" and that the "watching was not a causal look incident to the performance of his normal duties." (Pls. Opp. at p. 13.) Plaintiffs' argument lacks logic; the comment that a deputy found the women "attractive" does not sufficiently describe the length of time the deputy incidentally viewed the search, does not describe the extent of his observation of the search, and is not sexual in nature. Additionally, the deputy could have made that comment without seeing the women in a state of undress. Plaintiffs cannot overcome the City Defendants' argument that the allegations provided in the FAC do not rise to the level of a constitutional violation in light of *Grummett* and *Michenfelder*.

Furthermore, Plaintiffs' reliance on *Vazquez v. Cty of Kern*, 949 F.3d 1153, 1165 (9th. Cir. 2020) is misplaced. In *Vazquez,* a juvenile female plaintiff alleged that an adult male officer referred

to her as "babe," touched her face and shoulders, talked about her appearance in her shower gown, told her that he had seen her in the shower and that she should leave her boyfriend for him, described a sexual dream he had about her that he wanted to come true, and told her to stand between his opened knees. *Id.* at 1158. The plaintiff also alleged that the male officer watched her shower multiple times and on one occasion looked into her room when her privacy sign was up. *Id.* The Ninth Circuit distinguished *Grummett*, and held that based on the alleged interactions, the male officer violated the plaintiffs' Fourteenth Amendment right to bodily privacy.

The facts alleged in Plaintiffs' FAC are distinguishable. The FAC alleges that male deputies were permitted to watch and did watch as female deputies conducted visual body cavity searches of female inmates in the bathroom stalls. The FAC also alleges that a male deputy who witnessed the searches commented that he found the women "attractive" and that he did not have a girlfriend. As to claims brought under the Fourteenth Amendment, "[t]he threshold question is 'whether the behavior of the governmental official is so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience.' " *Vazquez, supra,* 949 F.3d at 1162 (quoting *County of Sacramento v. Lewis*, 523 U.S. 833, 848 n.8 (1998)). These allegations do not rise to the nature and extent of behavior examined in *Vazquez* and are insufficient to establish a constitutional violation.

Assuming a constitutional violation exists, Plaintiffs have nonetheless failed to show that a pretrial detainee's right to be free from cross gender observation of a visual body cavity search, without physical contact, was clearly established at the time of the alleged violation. As such, the Individual Defendants are entitled to qualified immunity.

## IV.   PLAINTIFFS HAVE FAILED TO ALLEGE A *MONELL* CLAIM

As provided in Section III above, Plaintiffs FAC has not alleged constitutional violations for their claims pertaining to denial of outdoor recreation, and cross gender observation of visual body cavity searches. Furthermore, Plaintiffs have failed to identify any policy, ordinance, regulation, or custom of the San Francisco Sheriff's Department that led to the deprivation of Plaintiffs' constitutional rights. *Bd. of Cnty. Comm'rs v. Brown*, 520 U.S. 397, 400 (1997) (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978) (a plaintiff must show that deliberate action

attributable to the local government entity itself "is the 'moving force' behind the plaintiff's deprivation of federal rights.)  As such, their *Monell* claim must be dismissed.

Moreover, Plaintiffs contend that Defendants' request under Rule 12(f) that this Court strike Paragraph 53, which states Defendants "ratified the unreasonable and unnecessary cross gender visual body searches of its female detainees on at least two occasions" (FAC ¶ 53) is frivolous.  Plaintiffs state that the FAC "plead specific facts regarding the way the searches were conducted, and their allegations make clear that male deputies watched as the women were subjected to unclothed body cavity searches."  (Pls. Opp. at p. 15.)  Essentially, Plaintiffs suggest that characterizing their cause of action as cross gender visual body searches is a mere issue of semantics.  A claim regarding cross gender visual body searches, however, is different from a claim for cross gender observation of those searches.  Federal Rules of Civil Procedure, Rule 8, requires that allegations contained in a complaint "be simple, concise, and direct." Fed. R. Civ. P. 8(d).  The goal of Rule 8 is to give the defendant fair notice of what the claim is and the grounds upon which it rests.  The FAC fails to do that.

More importantly, Defendants' request to strike Paragraph 53 is more substantive in nature.  As provided in Defendants' moving papers, to the extent the ratification argument regards failure to discipline, that claim is barred as a matter of law.  *Santiago v. Fenton*, 891 F.2d 373, 382 (1st Cir. 1989) (failure of a police department to discipline in a specific instance is not an adequate basis for municipal liability.)  That Defendants failed to discipline unnamed deputies for an incident does not establish that policymakers "made a deliberate choice to endorse" their actions.  *See Gilette v. Delmore*, 979 F.2d 1342, 1348 (9th Cir. 1992).  Plaintiffs' Opposition fails to address this argument, and it must be granted in Defendants' favor.  Where a party fails to address arguments against a claim raised in a motion to dismiss, the claims are abandoned and dismissal is appropriate.  *See, e.g., Silva v. U.S. Bancorp*, No. 5:10–cv–1854, 2011 WL 7096576, at *3 (C.D. Cal. Oct. 6, 2011) ("[T]he Court finds that Plaintiff concedes his ... claim should be dismissed by failing to address Defendants' arguments in his Opposition.") (citations omitted); *Qureshi v. Countrywide Home Loans, Inc.*, No. 09–4198 SBA, 2010 WL 841669, at *6 & n. 2 (N.D. Cal. Mar. 10, 2010) (citing *Jenkins v. County of Riverside*, 398 F.3d 1093, 1095 n. 4 (9th Cir. 2005)) (dismissing claims as abandoned where the plaintiff did not oppose dismissal); *In re TFT–LCD (Flat Panel) Antitrust Litig.*, 586 F. Supp. 2d 1109,

1131 (N.D. Cal. 2008) (dismissing a claim without leave to amend where the plaintiff did not address the defendant's arguments); *see also Walsh v. Nev. Dep't of Human Res.*, 471 F.3d 1033, 1037 (9th Cir. 2006) (where opposition to motion to dismiss failed to address arguments in motion to dismiss, the plaintiff failed to demonstrate a continuing interest in pursuing a claim for relief and it was "effectively abandoned" and could not be raised on appeal).  As such, Paragraph 53 must be stricken.

## V.    PLAINTIFFS' ALLEGED INJURIES DO NOT SATISFY THE "PHYSICAL INJURY" REQUIRED TO BE SHOWN BY THE PLRA

In the moving papers, Defendants request that the Court dismiss Plaintiffs' claims to the extent they seek recovery for emotional distress.  Plaintiffs' Opposition states that the Prison Litigation Reform Act (PLRA) does not foreclose all monetary relief, specifically for damages premised on constitutional violations.  *Oliver v. Keller*, 289 F.3d 623, 630 (9th Cir. 2002)  The City Defendants do not dispute this recitation of the law.  The City Defendants, however, take issue with any claims for damages brought by Ms. Wade and Mr. Bell for psychological harm and emotional distress, without physical injury.  In Opposition, Plaintiffs rely on an overbroad and categorical statement of a general malady attributable to all Plaintiffs, alleging that "plaintiffs have suffered from skin discoloration." (Pls. Opp. at p. 18.)  Just as Plaintiffs cannot sustain their claims by alleging general conduct attributed to "all defendants" rather than providing a particularized factual basis for their claim against each defendant, so too must Plaintiffs provide sufficient allegations of harm as to each individually named Plaintiff.  Simply relying on generalizations in insufficient.  Neither Ms. Wade nor Mr. Bell have identified a specific physical injury, beyond de minimis, that is caused by lack of outdoor recreation or cross gender observation of visual body cavity searches.  Thus, the PLRA bars Ms. Wade and Mr. Bell's recovery from such damages.

## VI.   PLAINTIFFS DO NOT OVERCOME DEFENDANTS' ARGUMENTS REGARDING DISMISSAL OF THEIR BANE ACT CLAIM

City Defendants moved to dismiss Plaintiffs' Bane Act Claim on three grounds: (1) California Government Code § 844.6, which grants public entities immunity for injuries to prisoners, bars this claim; (2) Good faith immunity under California Government Code Section 820.6; and (3) the Court

must strike portions of the FAC that are improper.  None of Plaintiffs' contentions overcome these arguments.

### A.   Cal. Govt. Code § 844.6 Immunizes Defendants From Liability For Plaintiffs' Bane Act Claim.

Plaintiffs did not oppose Defendants' argument that Defendants are immune from Plaintiffs' state law claims based on California Government Code § 844.6.  Accordingly, Plaintiffs' Bane Act claim against Defendants must be dismissed because Plaintiffs have waived any objection to Defendants' argument.  *Hurd v. Terhune,* 8. F. App'x 676, 677 (9th Cir. 2001) ("we conclude that he waived this claim by failing to delineate it specifically and explicitly in his opposition to defendants' motion"); *Lee v. Retail Store Employee Bldg. Corp.*, 2017 WL 346021, at *20 (N.D. Cal. Jan. 24, 2017) (denying leave to amend because plaintiffs' "failure to even argue the issue in their opposition indicates a waiver of this claim"); *Qureshi, supra*, 2010 WL 841669, at *6 n.2 (N.D. Cal. Mar. 10, 2010) (deeming plaintiff's failure to address, in opposition brief, claims challenged in a motion to dismiss, an "abandonment of those claims").

Plaintiffs do not and cannot overcome the plain language of California Government Code § 844.6.  The California Government Code immunizes Defendants from liability for Plaintiffs' Bane Act claim and that cause of action must be dismissed.

### B.   Good Faith Immunity Shields Individual Defendants From Liability.

None of Plaintiffs' arguments in Opposition effectively refute Defendants' position that California Government Code Section 820.6 immunizes the Individual Defendants from Plaintiffs' Bane Act Claim.

First, Plaintiffs' Opposition contends that California Government Code Section 820.6 is inapplicable because the "misconduct of voyeurism by male deputies" while female inmates were subjected to unclothed body cavity searches, was "conduct not taken in an effort to enforce a law or policy." (Pls. Opp. at p. 18.)  The cases Plaintiffs cite in support of their argument are inapposite.

*Garcia v. City of Los Angeles,* No. CV 19-06182-DSF-PLA, 2020 WL 2129830 (C.D. Cal. Feb. 15, 2020), a non-binding case from the Central District, involved claims by homeless individuals regarding the destruction of their property by City employees.  As to good faith immunity, the court

held, that plaintiffs sufficiently alleged that that City employees did not act in good faith in destroying their property pursuant to the applicable ordinance, when they "seized and summarily destroyed" the property, which included important documents and medication, in an arbitrary fashion. *Id*. at *12.

*Woods v. City & Cty. of San Francisco*, No. 3:15-CV-05666-WHO, 2018 WL 4896766, at *1 (N.D. Cal. Oct. 9, 2018), reconsideration denied sub nom. *Woods v. Aug.*, No. 3:15-CV-05666-WHO, 2018 WL 5841311 (N.D. Cal. Nov. 8, 2018) regards a wrongful death action resulting from an officer involved shooting. The court held that "[i]mmunity under section 820.6 does not apply here because defendants were not acting to enforce a statute that was later found unconstitutional, invalid, or inapplicable." *Id.* at *12.

*Garcia* and *Woods* are not instructive. Here, pursuant to policy, female deputies conducted visual body cavity searches of female inmates. Plaintiffs' complaint is that male deputies, who were working at that time, were permitted to watch and did watch as these searches were conducted. That the male deputies could incidentally view as the searches occurred does not mean they were not acting in good faith. Assuming, *arguendo*, that the Court finds Section 820.6 inapplicable as to the unnamed individual deputies, it nonetheless shields then-Sheriff Hennessy, Sheriff Miyamoto, and Chief Deputy Fisher from individual capacity liability as to Plaintiffs' Bane Act claim. Plaintiffs do not and cannot allege that then-Sheriff Hennessy, Sheriff Miyamoto, or Chief Deputy Fisher participated in the conduct described above.

More importantly, Plaintiffs have failed to refute Section 820.6's applicability as to their claim for denial of outdoor recreation, and has therefore abandoned that claim. *Qureshi, supra*, 2010 WL 841669, at *6 n.2 (N.D. Cal. Mar. 10, 2010). As stated in Defendants' moving papers, even if the individually named Defendants were negligent regarding their belief that the recreation provided to Plaintiffs was unconstitutional, they are entitled to immunity.

**C.      Plaintiffs' Unsuccessfully Oppose Defendants' Request that Portions of the FAC Be Stricken.**

In its moving papers, City Defendants request that the Court strike improper portions of the FAC pursuant to Fed. R. Civ. P. 12(f). Specifically, City Defendants request that the Court strike from the Fourth Cause of Action (Bane Act) the following: (1) any mention of Ms. Wade and Mr. Bell, (2)

allegations relating to denial of outdoor recreation, and (3) any class based allegations relating to denial of outdoor recreation.  These requests are proper and supported by case law.

First, Plaintiffs' Opposition fails to address the City Defendants' request that Ms. Wade and Mr. Bell be stricken from this cause of action, and thus has abandoned that claim.  *Qureshi, supra,* 2010 WL 841669, at *6 n.2 (N.D. Cal. Mar. 10, 2010).  In this case, Ms. Wade and Mr. Bell have simply failed to comply with the requirements of the California Government Claims Act ("Claims Act"), and their failure to allege compliance warrants dismissal of their state law claims.

Second, Plaintiffs' argument regarding Ms. Pierce's failure to allege denial of outdoor recreation in her Government Claim fares no better.  Relying on *Blair v. Sup. Court,* 218 Cal. App. 3d 221, 224 (1990), Plaintiffs admit that Ms. Pierce "did not explicitly complain about her lack of outdoor recreation" but that "she submitted over 15 grievances" about being denied recreation, which Plaintiffs claim, should have allowed the City Defendants "to make an adequate investigation on the merits of the claim."  (Pls. Opp. at p. 19).  Plaintiffs' reliance on *Blair* is misplaced.

In *Blair*, the plaintiff asserted a claim for dangerous condition of public property against the state after his vehicle slid off an icy highway and collided with a tree. The state moved to strike allegations regarding the highway's design and surrounding conditions that the plaintiff did not include in his government tort claim. The plaintiff's claim form alleged the state negligently maintained and constructed the highway and failed to sand and care for the highway to make it safe for automobiles. The state argued these allegations limited the plaintiff's judicial complaint to a claim for dangerous condition of public property based on the state's failure to prevent or remedy ice accumulation on the highway. The trial court agreed and struck allegations regarding the highway's slope, the lack of guard rails and warning signs, and the proximity of trees to the highway as dangerous conditions contributing to the accident.  *Blair*, *supra*, 218 Cal. App. 3d at pp. 223–224.  The Court of Appeal reversed because "[a] charge of negligent construction may reasonably be read to encompass defects in the placement of highway guard rails, slope of the road, presence of hazards adjacent to the roadway or inadequate warning signs."  *Id*. at p. 226.

In *Blair*, the court found that the plaintiff's complaint and claim were premised on essentially the same fundamental facts.  But, in situations where the factual allegations between the complaint and claim differ, courts have held:

> A complaint's fuller exposition of the factual basis beyond that given in the claim is not fatal, so long as the complaint is not based on an 'entirely different set of facts.' [Citation.] Only where there has been a 'complete shift in allegations, usually involving an effort to premise civil liability on acts or omissions committed at different times or by different persons than those described in the claim,' have courts generally found the complaint barred. [Citation.]

*Stockett v. Association of Cal. Water Agencies Joint Powers Ins. Authority,* 34 Cal. 4th 441, 445 (2004).  Here, Plaintiffs' government claim explicitly complains of denial of 3 hours of recreation pursuant to Title 15 section 1065[3].  Plaintiffs argue that based on this specific allegation, the City Defendants "could have reasonably discovered the expanse of Ms. Pierce's claim."  (Pls. Opp. at p. 19.) Not so.  Although the language of section 1065 is clear in its mandate that agencies provide inmates with 3 hours of recreation in an area so designated, it does not mention any requirements that it provide outdoor recreation.  The FAC does not allege that City Defendants fail to provide opportunities for indoor recreation.  That claim is entirely different from an allegation that the City Defendants deny outdoor recreation to all inmates at CJ No. 2.  Plaintiffs are inappropriately attempting to shift Ms. Pierce's allegations and premise liability on acts or omissions of a different nature than those described in the claim.  Such an effort contravenes the purpose of the Claims Act of providing the City Defendants sufficient information to enable it to adequately investigate claims and to settle them, if appropriate, without the expense of litigation.  *See Stockett, supra*, 34 Cal.4th at 445.  As such, allegations regarding denial of outdoor recreation, which were not alleged in Ms. Pierce's government claim must be stricken. *See Nelson v. State of California*, 139 Cal. App. 3d 72, 79 (1982) (When a civil action is brought following denial of a government tort claim "the written claim must correspond with the facts alleged in

---

[3] Title 15 section 1065 provides "(a) The facility administrator of a Type II or III facility shall develop written policies and procedures for an exercise and recreation program, in an area designed for recreation, which will allow a minimum of three hours of exercise distributed over a period of seven days. Such regulations as are reasonable and necessary to protect the facility's security and the inmates' welfare shall be included in such a program. In Type IV facilities, such a program can be either in-house or provided through access to the community."

the complaint; even if the claim were timely, the complaint is vulnerable to a demurrer if it alleges a factual basis for recovery which is not fairly reflected in the written claim.")

Finally, Plaintiffs' bare assertion that "Ms. Pierce's government claim was also in substantial compliance with Government Code section 910 to advance state claims on behalf of the class" (Pls. Opp. at p. 22) is without merit.  As stated in the City Defendants' moving papers, Ms. Pierce's government claim fails to identify or provide any information regarding a putative class of claimants. Even if it did, it would be for the issue of denial of indoor recreation per Title 15 section 1065. Ms. Pierce's failure to include the putative class in her government claim is fatal to Plaintiffs' class-based Bane Act allegation for denial of outdoor recreation.  *See California Restaurant Management Systems v. City of San Diego*, 195 Cal. App. 4th 1581 (2011).  As such, this claim must be stricken.

The defects identified above are incurable.  One year has passed since the accrual of Ms. Pierce's cause of action and Plaintiffs are jurisdictionally barred from presenting an amended claim or a new claim at this time.  Cal. Gov't. Code § 911.4(b); *Munoz v. State of California,* 33 Cal. App. 4th 1767, 1779 (1995); *Santee v. Santa Clara Office of* Education, 220 Cal. App. 3d 702, 713 (1990). Because Ms. Pierce has not properly satisfied the jurisdictional prerequisites to asserting a Bane Act claim for denial of outdoor recreation, as well as a class-based claim under similar allegations, the Court must dismiss those claims without leave to amend.

## VII.    CONCLUSION

For the foregoing reasons, City Defendants respectfully request that the Court grant their Motion to Dismiss Plaintiffs' FAC in its entirety.

Dated:  November 6, 2020

DENNIS J. HERRERA
City Attorney
MEREDITH B. OSBORN
Chief Trial Deputy
RAYMOND R. ROLLAN
Deputy City Attorney

By: */s/ Raymond R. Rollan*
RAYMOND R. ROLLAN
Attorneys for Defendant
CITY AND COUNTY OF SAN FRANCISCO,
SF SHERIFF'S DEPT., VICKI HENNESSY, SHERIFF
PAUL MIYAMOTO, AND MICHELE FISHER