DAN SIEGEL, SBN 56400
EMILYROSE JOHNS, SBN 294319
ANDREW CHAN KIM, SBN 315331
SIEGEL, YEE, BRUNNER & MEHTA
475 14th Street, Suite 500
Oakland, California 94612
Telephone: (510) 839-1200
Facsimile: (510) 444-6698
Email: danmsiegel@gmail.com;
emilyrose@siegelyee.com;
chankim@siegelyee.com

Attorneys for Plaintiffs
JILLIAN PIERCE, NICOLE WADE,
FANTASY DECUIR, DAMENA PAGE,
and VINCENT KEITH BELL

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| JILLIAN PIERCE, NICOLE WADE, FANTASY DECUIR, DAMENA PAGE, VINCENT KEITH BELL, on behalf of herself and all others similarly situated,<br><br>　　　　　Plaintiffs,<br><br>vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO, Then-San Francisco Sheriff's Department Sheriff VICKI HENNESSY, San Francisco Sheriff's Department Chief Deputy MICHELE FISHER, San Francisco Sheriff's Department Sheriff Paul Miyamoto, and County of San Francisco employees DOES 1-50, Jointly and Severally,<br><br>　　　　　Defendant(s). | Case No.: 4:19-cv-07659-JSW<br><br>**CLASS ACTION**<br><br>**SECOND AMENDED COMPLAINT FOR DAMAGES, DECLARATORY & INJUNCTIVE RELIEF, AND DEMAND FOR JURY TRIAL**<br><br>1. 42 U.S.C. § 1983 – Civil Rights Violation – Denial of Outdoor Recreation<br>2. 42 U.S.C. § 1983 – Cross Gender Visual Body Cavity Search<br>3. 42 U.S.C. § 1983 – *Monell* and Supervisory Liability<br>4. California Civil Code § 52.1(b) – State Civil Rights Violations |

**PRELIMINARY STATEMENT**

1. The City and County of San Francisco operates active jails where it houses pretrial detainees and convicted prisoners.

2. San Francisco County Jail #2, located at 425 7th Street in San Francisco, houses up to 392 persons and is the only jail in the City and County of San Francisco that houses women.

3. Pretrial detainees—some with years long stays in the jail—have no access to outdoor recreation or access to sunlight, which causes physical detriments and severe mental anguish. The City and County of San Francisco, by policy, practice or custom, denies all pretrial detainees and convicted prisoners any opportunities for fresh air, direct sunlight, or time outside for exercise or recreation, or otherwise any meaningful recreation, in violation of Title 15 of the California Code of Regulations § 1065, and the prisoners' Fourteenth and Eighth Amendment rights, respectively. These prisoners, some of whom are pretrial and have been incarcerated for as long as six or seven years, have never seen the sun or felt the wind's breeze in the entire duration of their incarceration except very briefly during transports to the hospital, another facility, or to court.

4. Female pretrial detainees at County Jail #2 suffered further emotional anguish when female sheriff's deputies at the jail forced them on at least two occasions to submit to unclothed body cavity searches while male deputies looked on. On or about November 20, 2018, female deputies at the San Francisco County Jail #2 conducted an unnecessary and unjustified visual body cavity search of pretrial and convicted female prisoners in the presence and direct view of at least three, and up to seven or more, male deputies. A similar, random, and unreasonable visual body cavity search of female prisoners was conducted in front of male deputies about a month prior. Upon information and belief, these searches have occurred in D-Pod, B-Pod, and possibly E-Pod.

**JURISDICTION AND VENUE**

5. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3)-(4) because it is being brought to obtain compensatory and punitive damages for the deprivations, under color of state law, of the rights of citizens of the United States that are secured

by the United States Constitution, pursuant to 42 U.S.C. §§ 1983 and 1988. This action is brought pursuant to the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution, and the laws and Constitution of the State of California.

6. Plaintiffs and all others similarly situated persons further invoke this Court's supplemental jurisdiction, pursuant to 28 U.S.C. § 1367(a), to hear and decide claims arising under state law.

7. Venue is proper, pursuant to 28 U.S.C. § 1391(b)(1)-(2), because the County of San Francisco Defendants reside in this judicial district, and the events or omissions giving rise to plaintiffs' claims occurred in this judicial district.

## PARTIES AND PROCEDURE

8. Plaintiff Jillian Pierce was a pretrial detainee at San Francisco County Jail #2, from approximately July 2, 2018 to August 1, 2020.

9. Plaintiff Nicole Wade was a pretrial detainee at San Francisco County Jail #2, from approximately April 27, 2018 to June 10, 2021.

10. Plaintiff Fantasy Decuir is a current pretrial detainee at San Francisco County Jail #2. She was booked into the jail on August 4, 2017.

11. Plaintiff Damena Page is a current pretrial detainee at San Francisco County Jail #2. She was booked into the jail on October 14, 2020.

12. Plaintiff Vincent Bell is a current pretrial detainee at San Francisco County Jail #3. He has been confined in the jail for over seven years in administrative segregation. At the time of the filing of this lawsuit, Mr. Bell was housed in County Jail #2.

13. Defendant City and County of San Francisco ("CCSF") is a municipal corporation, duly organized and existing under the laws of the State of California, and is the employer of the individual County defendants, as well as certain, to-be-identified CCSF employees. Under its authority, CCSF operates the County of San Francisco Sheriff's Department ("SFSD"). At all material times herein, CCSF was responsible for supervising, enacting, and enforcing the SFSD's conduct, policies, and practices, was responsible for the absence of needed policies and practices, and was responsible for the hiring, retention, supervision, and training of employees and agents of

the SFSD including such employees as Defendants, then-Chief Sheriff Vicki Hennessy ("Hennessy"), Chief Deputy Michele Fisher ("Fisher"), Chief Paul Miyamoto ("Miyamoto"), and the to-be-identified CCSF employees.

14. At all material times herein, defendant Vikki Hennessy was employed by defendant CCSF as the Sheriff, and was acting within the course and scope of that employment at such times. She is being sued in her individual and official capacities as the SFSD Sheriff. At all material times, Sheriff Hennessy was the final policy making official for the SFSD, ultimately responsible for all policies, procedures, supervision, and training of the SFSD.

15. At all material times herein, defendant Michele Fisher was employed by Defendant CCSF as a Chief Deputy, and was acting within the course and scope of that employment at such times. She is being sued in her individual and official capacity as a Chief Deputy. Upon information and belief, Defendant Fisher supervised DOES 1-50, and was ultimately responsible for enforcing policies, procedures, supervision, and the training of them.

16. As of January 8, 2020, defendant Paul Miyamoto was employed by defendant CCSF as the Sheriff, and was acting within the course and scope of that employment at such times. He is being sued in his individual and official capacities as the SFSD Sheriff. At all material times, Sheriff Miyamoto was the final policy making official for the SFSD, ultimately responsible for all policies, procedures, supervision, and training of the SFSD.

17. Plaintiffs allege, on information and belief, that each of the defendants sued herein was wrongfully, deliberately indifferently, negligently, and/or otherwise responsible in some manner for the events and happenings as hereinafter described, and proximately caused injuries and damages to plaintiffs. Further, certain unknown defendants were at all material times responsible for the hiring, training, supervision, and discipline of other defendants, including both the individually named and unknown deputy defendants.

18. Plaintiffs are informed, believe, and thereon allege that each of the defendants was at all material times an agent, servant, employee, partner, joint venturer, co-conspirator, and/or alter ego of the remaining defendants, and in doing the things hereinafter alleged, was acting within the course and scope of that relationship. Plaintiffs are further informed, believe, and thereon allege that each of the defendants herein gave consent, aid, and assistance to each of the remaining

defendants, and ratified and/or authorized the acts or omissions of each defendant as alleged herein, except as may hereinafter be otherwise, specifically alleged. At all material times, each defendant was an integral participant, jointly and fundamentally engaged in constitutionally violative, unlawful, and/or tortious activity, resulting in the deprivation of plaintiffs' constitutional rights and other actionable harm.

19. The acts and omissions of all defendants were at all material times pursuant to the actual customs, policies, practices, and/or procedures of CCSF and/or the SFSD.

20. At all material times, each defendant acted under color of the laws, statutes, ordinances, and regulations of the State of California.

## EXHAUSTION

21. Plaintiff Jillian Pierce presented a proper and timely tort claim to CCSF, pursuant to Government Code § 910 *et seq.*, regarding the unlawful unclothed body cavity searches on May 13, 2019. Plaintiff Jillian Pierce subsequently submitted a claim to CCSF regarding the denial of outdoor recreation and the lack of sunlight in July or August of 2019.

## FACTUAL ALLEGATIONS

### Lack of Outdoor Recreation

22. Jillian Pierce spent two years as a pretrial detainee in County Jail #2. Nicole Wade spent over three years as a pretrial detainee at County Jail #2. Fantasy Decuir has been confined at County Jail #2 awaiting trial since August 4, 2017. Damena Page has been confined at County Jail #2 awaiting trail since October 14, 2020. Vincent Bell has been in the custody of CCSF awaiting trial since December 11, 2012.

23. Pretrial detainees commonly spend months to years in San Francisco County Jail #2 awaiting trial. While incarcerated, they are denied any and all access to outdoor recreation and direct sunlight.

24. The denial of access to outdoor recreation or direct sunlight is due to the jail's deliberate and thought-out design and logistical limitations. The denial of sufficient and adequate recreation is a violation of Title 15 of the California Code of Regulations § 1065. On information and belief, CCSF pays a fine every month for being in violation of this section.

25. Additionally, all prisoners housed in County Jail #2, including pretrial detainees, are denied meaningful recreation. Although there is a gym in the facility, access to the gym is irregular and infrequent. In 2018 and 2019, prisoners went to the gym on an average of once a month and for an hour and a half at most. Prisoners in administrative segregation and prisoners housed in C-Pod are categorically denied gym access except on very rare and random occasions.

26. Furthermore, the gym was deliberately designed to restrict penetrative light and fresh air flow. The gym is dark and the windows are covered in metal screens and open only slightly. Prisoners are not allowed to stand, sit, or congregate by the windows.

27. Since the beginning of the COVID-19 pandemic, the gym is inaccessible to all prisoners housed in County Jail #2, including pretrial detainees. All prisoners are further denied any meaningful recreation, and are prohibiting from exercising in their pod.

28. County Jail #2 also has an atrium that provides filtered sunlight but does not allow fresh air. However, the atrium was and is not accessible to all prisoners, including pretrial detainees.

29. Ms. Pierce and others at the San Francisco County Jail #2 submitted grievances for being denied exercise and recreation time in violation of Title 15. These grievances were largely ignored.

30. Due to the denial of outdoor recreation, all plaintiffs have suffered stress, anxiety, depression, and skin discoloration. Plaintiffs suffered acne, unhealthy weight gain, and/or other physical ailments. The lack of exposure to the outdoors also puts pretrial detainees at substantial risk of serious harm. Research shows direct sunlight provides benefits beyond visual comfort and broad health. The denial of sunlight causes problems including, but not limited to, weak bones, some cancers, anxiety, depression, skin problems, weight gain, cognitive issues, tiredness, and sleeplessness. Furthermore, direct sunlight influences air quality and eliminates germs, skin bacteria, and bacteria known to cause respiratory disease.

31. As aforementioned, all prisoners, pretrial and convicted, housed at San Francisco County Jail #2 are denied any opportunity for outdoor exercise or recreation. Some of these prisoners have yet to be convicted and have been incarcerated for years without once being able to go outside and enjoy the fresh air and sunshine. Plaintiffs, in the entire duration of their respective

lengths of incarceration were denied any meaningful opportunity to be outside, feel direct sunlight on their skin, and breathe fresh air.

### Cross Gender Unclothed Body Cavity Searches

32. On or about November 20, 2018 at approximately 7:30 AM, CCSF employees ordered all female prisoners in D-Pod, both pretrial and convicted, to wake up and congregate by the tables located on the lower level of the pod. The CCSF employees then ordered the prisoners, in groups of three, to enter into the three bathroom stalls located on the same level and remove their clothing, squat, cough, spread open their vaginas and anuses, and lift their breasts for visual inspection. At all times throughout the visual body cavity search, the bathroom stall doors remained open and were conducted in the presence and direct view of at least three, and possibly up to seven or more, unknown male deputies. The male deputies were situated throughout the pod, including the staircase and upper level, where they could see directly into the bathroom stalls, while they watched the searches take place. This search was random, unnecessary, unjustified and made pursuant to SFSD protocol, policy, custom, or practice.

33. Upon information and belief, the visual body cavity search of female prisoners also occurred in B-Pod and/or E-Pod, where male deputies were permitted to watch.

34. Sometime in October 2018, about a month prior, a similar visual body cavity search occurred in D-Pod at approximately 7:30 AM. Like the November 20th search, CCSF employees ordered the female prisoners, in groups of three and in the open bathroom stalls, to remove their clothing, squat, cough, spread open their vaginas and anuses, and lift their breasts for visual inspection in the presence of unknown male deputies, who watched as the searches were conducted. Like the November 20th search, this search was conducted pursuant to SFSD protocol, policy, custom, or practice and was unnecessary and unjustified.

35. On information and belief, following one of the unclothed body cavity searches, a male deputy who observed the search commented that he found the female prisoners attractive and did not have a girlfriend.

36. After both body cavity searches, Ms. Pierce and other prisoners filed grievances regarding the body cavity searches conducted in the presence of male deputies. Many, if not all, grievances were ignored and the prisoners never received responses. At least three investigators

came to D-Pod as a result. Upon information and belief, one of the investigators was Jesse Huber. The investigators interviewed the female prisoners but plaintiffs do not know what, if anything, came about following their investigations.

37. At all material times and, alternatively, the actions and omissions of each defendant was intentional, and/or wanton, and/or willful, and/or reckless, and/or callous, and/or malicious, and/or deliberately indifferent to plaintiffs' rights, and/or grossly negligent, and/or negligent and/or pursuant to SFSD policies, customs, or practices.

**CLASS ALLEGATIONS**

38. Plaintiffs bring this action on behalf of themselves and all others similarly situated pursuant to Federal Rule of Civil Procedure 23(a) on the basis that there is a well-defined community of interest in this litigation, the proposed class is easily ascertainable, and the proposed class is quite numerous.

39. Plaintiffs seek to represent the following class: All past, present, and future pretrial detainees housed at San Francisco County Jail #2, located at 425 7th Street in San Francisco, CA.

40. Plaintiffs Jillian Pierce, Nicole Wade, and Fantasy Decuir seek to represent the following subclass: All women at San Francisco County Jail #2 who have been subjected to cross gender visual body cavity searches. This subclass will be known as the Cross Gender Search Subclass.

41. Plaintiffs and the putative class were and are regularly subjected to the constitutional and statutory violations described in this complaint. On information and belief, the legal and factual issues are common to the class and affect all class members.

42. Plaintiffs reserve the right to amend or modify the class and subclass descriptions with greater specificity or further division into subclasses, as well as to limit the class or subclasses to particular issues, as warranted.

**Numerosity**

43. The potential members of the class and of the subclasses as defined are so numerous that joinder of all of them is impracticable. While the precise number of class members has not been determined at this time, plaintiffs are informed and believe that the class is comprised of

more than 100 individuals. The potential members of the Cross Gender Search subclass exceed 48 women.

### Commonality and Predominance

44. There are questions of law and fact that are common to the class and subclasses and predominate over individualized questions. These common questions of law and fact include, without limitation:

45. Whether CCSF denies all pretrial detainees access to outdoor recreation without justification and in violation of their constitutional and statutory rights;

46. Whether CCSF subjected female prisoners of D-Pod, and B-Pod and/or E-Pod, to unreasonable and unnecessary cross gender visual body cavity searches;

47. Whether CCSF defendants, with threat, intimidation, and/or coercion, violated plaintiffs' rights under California Civil Code § 52.1 by denying detainees the right to outdoor recreation with malice and oppression and the intent to deprive plaintiffs of their rights to be free from constitutional and statutory violations; and

48. Whether plaintiffs and other class members are entitled to damages, injunctive and declaratory relief, attorneys' fees, interest, and costs, and other relief pursuant to 42 U.S.C. § 1988.

### Typicality

49. Named plaintiffs' claims are typical of the claims of putative class and subclass members. Plaintiffs and all members of the putative class and subclasses sustained injuries and damages arising out of and caused by defendants' common course of conduct, which, as alleged herein, violates federal and California law.

### Adequacy of Representation

50. Plaintiffs adequately represent and protect the interests of class and subclass members. Plaintiffs have no interests which are adverse to the class. Plaintiffs are similarly situated to other class and subclass members. Counsel who represents plaintiffs are competent and experienced in litigating civil rights class actions, wage and hour cases, and class actions generally.

**Superiority of Class Action**

51. A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all class members is not practicable, and questions of law and fact common to the class predominate over any questions affecting only individual members of the class. Each member of the class has been damaged and is entitled to recovery by reason of the unlawful policies and practices described herein. Class members are unlikely to otherwise obtain effective representation to ensure full enforcement of their rights absent class certification.

52. Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system. Plaintiffs are unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

**FIRST CLAIM FOR RELIEF**
**DENIAL OF OUTDOOR RECREATION IN VIOLATION OF THE FOURTEENTH AMENDMENT**
(Plaintiffs against all defendants.)
(42 U.S.C. § 1983)

53. Plaintiffs and all similarly situated persons re-alleges and incorporates by reference each and every allegation contained in the paragraphs above, as though fully set forth herein.

54. By the actions and omissions described above, the defendants named above in this cause of action, acting under the color of state law in their individual capacities, violated 42 U.S.C. § 1983, by depriving plaintiffs of their well-settled constitutional rights to outdoor recreation opportunities protected by the Eighth and Fourteenth Amendments to the U.S. Constitution. Such denials were pursuant to a longstanding practice or custom, policy, or ratification wherein CCSF deliberately designed San Francisco County Jail #2 without an outdoor recreation area and chooses to pay a monthly fine for violating Title 15 of the California Code of Regulations § 1065 among various alternatives, including rectifying its constitutionally violative action.

**SECOND CLAIM FOR RELIEF**
**CROSS GENDER VISUAL BODY CAVITY SEARCH IN VIOLATION OF THE FOURTEENTH AMENDMENT**
(Plaintiffs Jillian Pierce, Nicole Wade, and Fantasy Decuir against all defendants.)
(42 U.S.C. § 1983)

55. Plaintiffs and all similarly situated persons re-alleges and incorporates by reference each and every allegation contained in the paragraphs above, as though fully set forth herein.

56. By the actions and omissions described above, the defendants named above in this cause of action, acting under the color of state law in their individual capacities, violated 42 U.S.C. § 1983, depriving plaintiffs of their well-settled constitutional rights to be free of unreasonable and unnecessary body cavity searches by the Fourth, Eighth, and Fourteenth Amendments to the U.S. Constitution. Such searches were pursuant to a longstanding practice or custom, policy, or ratification wherein CCSF deliberately chose to conduct such searches that CCSF final-policy makers ratified, and that CCSF knew or should have known were unconstitutional.

### THIRD CLAIM FOR RELIEF
### *MONELL* and SUPERVISORY LIABILITY
(Plaintiffs against CCSF.)
(42 U.S.C. § 1983)

57. Plaintiffs and all similarly situated persons re-allege and incorporate by reference each and every allegation contained in the paragraphs above, as though fully set forth herein.

58. Defendant CCSF deliberately designed San Francisco County Jail #2 without an indoor recreation area and has a pattern and practice of deliberately denying pretrial detainees their constitutional right to access to outdoor recreation, as indicated by its payment of a monthly fine in lieu of providing detainees with outdoor recreation opportunities. Moreover, defendant CCSF put into motion and/or ratified the unreasonable and unnecessary cross gender visual body searches of its female detainees on at least two occasions.

59. By the actions and omissions described above, defendant supervisors Hennessy, Fisher, and Miyamoto, acting under the color of state law in their individual capacities, failed to intervene in the violations of plaintiffs' constitutional rights when they deliberately chose to pay a monthly fine in lieu of providing detainees with outdoor recreation opportunities and set in motion and/or ratified cross gender visual body cavity searches of female detainees.

60. The above-described customs, polices, practices, and/or procedures of CCSF were a moving force and/or a proximate cause of the deprivations of plaintiffs' constitutional rights, in violation of 42 U.S.C. § 1983.

## FOURTH CLAIM FOR RELIEF
## VIOLATION OF THE CALIFORNIA BANE ACT
(Plaintiffs against all defendants.)
(California Code of Civil Procedure § 52.1(b))

61. Plaintiffs and all similarly situated persons re-allege and incorporate by reference each and every allegation contained in the paragraphs above, as though fully set forth herein.

62. By their acts, omissions, customs, and policies, defendants CCSF, Hennessy, Fisher, Miyamoto, and unknown CCSF employees acting in concert/conspiracy, as described above, and with threat, intimidation, and/or coercion, violated plaintiffs' rights under California Civil Code § 52.1 by denying detainees the right to outdoor recreation under the United States Constitution, and California Constitution, Article 1, Sections 7, 13, and 17, respectively.

63. By their acts, omissions, customs, and policies, defendants CCSF, Hennessy, Fisher, Miyamoto, and unknown CCSF employees acting in concert/conspiracy, as described above, and with threat, intimidation, and/or coercion, violated plaintiffs' rights under California Civil Code § 52.1 by subjecting female detainees to unreasonable and unnecessary visual body cavity searches under the United States Constitution, and California Constitution, Article 1, Sections 7, 13, and 17, respectively.

64. By virtue of the foregoing, all defendants acted with malice and oppression and the intent to deprive and did deprive plaintiffs of their rights to be free from constitutionally and statutorily violations.

## DAMAGES

65. Plaintiffs and all others similarly situated persons have incurred, and continue to incur, constitutional, emotional, physical, and psychological harms and losses, as well as ongoing stress and anxiety, as a result of defendants' tortious, wrongful, and constitutionally violative conduct.

66. As a direct and proximate result of each defendants' acts and/or omissions as set forth above, plaintiffs and all others similarly situated persons sustained, and are currently sustaining, the following injuries and damages, past and future, including, but not limited to:

a. Compensatory damages for all constitutional and/or statutory violations;

    b.  Emotional distress, fear, anxiety, sleeplessness, humiliation, indignity, vitamin D deficiencies, and loss of liberty;

    c.  Loss of enjoyment of life and other continued pain and suffering;

    d.  All other legally cognizable special and general damages;

    e.  Violations of state and federal constitutional rights; and

    f.  All damages and penalties recoverable under 42 U.S.C. §§ 1983 and 1988, California Civil Code § 52, California Code of Civil Procedure § 1021.5, and as otherwise allowed under California and United States statutes, codes, and common law.

## PUNITIVE DAMAGES

67.    The individual defendants, in denying plaintiffs their rights secured by the Constitution of the United States, acted with malice and oppression and/or with reckless indifference to plaintiffs' protected rights and is liable to plaintiffs for punitive damages.

## PRAYER FOR RELIEF

WHEREFORE, plaintiffs respectfully requests the following relief against each and every defendant herein, jointly and severally:

    a.  Compensatory damages in an amount according to proof, which is fair, just, and reasonable;

    b.  Nominal damages for the violation of constitutional rights;

    c.  Punitive damages under 42 U.S.C. § 1983, federal law, and California law, in an amount according to proof and which is fair, just, and reasonable against all Defendants except the public entities;

    d.  For attorney's fees and costs of suit under 42 U.S.C. § 1988;

    e.  For attorney's fees and cost of suit under California Civil Code §§ 52(b)(3) and 52.1(h);

    f.  All other damages, penalities, costs, interest, and attorney's fees as allowed by 42 U.S.C. §§ 1983 and 1988; California Code of Civil Procedure § 102.5; California Civil Code §§ 52 et seq. and 52.1; and as otherwise may be allowed by California and/or federal law;

g.   For declaratory and injunctive relief against County; and

h.   For such other and further relief as the Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiffs hereby respectfully demand a jury trial, pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Dated: November 4, 2021

SIEGEL, YEE, BRUNNER & MEHTA

*/s/ Andrew Chan Kim*
ANDREW CHAN KIM

Attorneys for Plaintiffs
JILLIAN PIERCE, NICOLE WADE, FANTASY DECUIR, DAMENA PAGE, and VINCENT KEITH BELL