DAVID CHIU, State Bar #189542
City Attorney
MEREDITH B. OSBORN, State Bar #250467
Chief Trial Deputy
RAYMOND R. ROLLAN, State Bar #304548
Deputy City Attorney
Fox Plaza
1390 Market Street, Sixth Floor
San Francisco, California 94102-5408
Telephone:     (415) 554-3888
Facsimile:     (415) 554-3837
E-Mail:        raymond.rollan@sfcityatty.org

Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO,
SAN FRANCISCO SHERIFF'S DEPARTMENT, VICKI
HENNESSY, SHERIFF PAUL MIYAMOTO
AND MICHELE FISHER

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JILLIAN PIERCE, NICOLE WADE, FANTASY DECUIR, DAMENA PAGE, VINCENT KEITH BELL, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO, Then-San Francisco Sheriff's Department Sheriff VICKI HENNESSY, San Francisco Sheriff's Department Chief Deputy MICHELE FISHER, San Francisco Sheriff's Department Sheriff Paul Miyamoto, and County of San Francisco employees DOES 1-50, Jointly and Severally,<br><br>Defendants. | Case No. 19-cv-07659-JSW (LB)<br><br>**STIPULATION AND [PROPOSED] ORDER TO SEVER CLAIMS**<br><br>Trial Date:     January 23, 2023 |

WHEREAS Plaintiffs JILLIAN PIERCE, NICOLE WADE, FANTASY DECUIR, DAMENA

PAGE, and VINCENT KEITH BELL ("Plaintiffs") and Defendants CITY AND COUNTY OF SAN

FRANCISCO, VICKI HENNESSY, MICHELE FISHER, and PAUL MIYAMOTO ("Defendants"), through their respective counsel have met and conferred;

WHEREAS, Plaintiffs filed their Second Amended Complaint ("SAC") on October 5, 2021 [ECF No. 66];

WHEREAS, pursuant to stipulation and Order of the Court [ECF No. 67], Defendants' response to the SAC is due December 3, 2021;

WHEREAS, the SAC alleges two separate and unrelated federal and state constitutional claims for denial of outdoor recreation and cross-gender visual strip searches occurring at County Jail No. 2;

WHEREAS, under Federal Rule of Civil Procedure 21, a court has discretion to "sever any claim against a party." Fed. R. Civ. P. 21; *see also Rush v. Sport Chalet*, 779 F.3d 973, 974 (9th Cir. 2015) ("We review the district court's decision to sever ... under Rule 21 for abuse of discretion."). This rule allows a court "to structure a case for the efficient administration of justice." 4–21 Moore's Fed. Prac. Civ. § 21.02[1]. The first prong of the Rule 21 severance standard refers to "similarity in the factual background of a claim." *MadKudu Inc. v. U.S. Citizenship & Immigr. Servs.*, No. 20-CV-02653-SVK, 2020 WL 5628968, at *3 (N.D. Cal. Sept. 14, 2020) (citing *Coughlin v. Rogers*, 130 F.3d 1348, 1350 (9th Cir. 1997)). The second prong is whether any common questions of law or fact will arise in the action. *Id.* at *5.

When considering whether joinder (or severance) is appropriate, a court must keep in mind judicial economy as well as fairness to the parties. *See Kunde Enterprises, Inc. v. Nat'l Sur. Corp.*, No. 19-CV-06636-JSW, 2019 WL 9654857, at *2 (N.D. Cal. Dec. 18, 2019) (citing *League to Save Lake Tahoe v. Tahoe Reg. Plan. Agcy.*, 558 F.2d 914, 917 (9th Cir. 1977) (citations omitted)). Furthermore, courts consider whether joinder (or severance) "comport[s] with the principles of fundamental fairness or would result in prejudice." *See Id.* (citing *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1296 (9th Cir. 2000) (citation omitted);

WHEREAS, the parties stipulate that this matter is appropriate for severance because neither of the claims identified in the SAC involve the same factual background and operative facts; nor do they involve common questions of law or fact;

WHEREAS, the parties further stipulate that severance would best serve judicial economy. Specifically, the denial of outdoor recreation claim alleged in this matter is intrinsically related to the denial of outdoor recreation claim at issue in *Norbert v. San Francisco County Sheriff's Department, et al.*, Case No. 19-CV-02724-SK ("*Norbert*"), currently pending before the Honorable Sallie Kim. Although this case involves County Jail No. 2 and *Norbert* involves County Jail No. 5, any injunctive relief arising from the *Norbert* matter will necessarily implicate this action. Therefore, severing the claims in this matter would allow the parties to proceed with the denial of outdoor recreation claim and pursue settlement discussions, in line with *Norbert*, without relying on the resolution of the cross-gender visual strip search claim;

WHEREAS, the parties also stipulate that severance will not result in prejudice to any parties. To the contrary, severance would assist the parties in managing each claim more efficiently. Plaintiffs recently filed their SAC. Besides exchanging written discovery, the parties have not engaged in any extensive discovery. Severance at this time will allow the parties to conduct discovery as to each claim and allocate the necessary attorney time as to each claim.

WHEREAS, the parties stipulate to extend time for Defendants to respond to Plaintiffs' SAC pending the Court's decision on this stipulation;

WHEREAS, the parties further stipulate that should the Court grant this stipulation, the parties request that Judge White retain jurisdiction of the severed matters.

THEREFORE, THE PARTIES HEREBY STIPULATE AND REQUEST, by and through their attorneys of record, that the Court sever the federal and state constitutional claims for denial of outdoor recreation and cross-gender visual strip search alleged in the SAC, that the Court retain

///
///
///
///
///
///
///
///

1   jurisdiction over the severed matters, and that the Court extend Defendants' response date to the SAC
2   pending the Court's decision on this stipulation.

Dated: December 3, 2021

                                      DAVID CHIU
                                      City Attorney
                                      MEREDITH B. OSBORN
                                      Chief Trial Deputy
                                      RAYMOND R. ROLLAN
                                      Deputy City Attorney

                              By: */s/ Raymond R. Rollan*
                                      RAYMOND R. ROLLAN

                                      Attorneys for Defendants
                                      CITY AND COUNTY OF SAN FRANCISCO,
                                      SAN FRANCISCO SHERIFF'S DEPARTMENT,
                                      VICKI HENNESSY, SHERIFF PAUL MIYAMOTO
                                      AND MICHELE FISHER

Dated: December 3, 2021                SIEGEL, YEE, BRUNNER & MEHTA

                              By: */s/ Andrew Chan Kim*
                                      ANDREW CHAN KIM

                                      Attorneys for Plaintiff
                                      JILLIAN PIERCE

**[PROPOSED] ORDER**

PURSUANT TO STIPULATION, IT IS SO ORDERED.

The federal and state constitutional claims for denial of outdoor recreation and cross-gender visual strip search alleged in the Plaintiffs' Second Amendment Complaint are severed.  This Court will retain jurisdiction over the severed matters.  Defendants' response date to Plaintiffs' Second Amended Complaint is continued from December 3, 2021 until after the claims are severed.

IT IS SO ORDERED.

Dated:  December 21, 2021

_____
JEFFREY S. WHITE
SENIOR DISTRICT JUDGE